A. Blaine Finley
**CUNEO, GILBERT & LADUCA, LLP**
4725 Wisconsin Ave., NW
Suite 200
Washington, D.C. 20016
Telephone: (202) 789-3960

(*Additional Counsel on the Signature Page*)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAUTAUQUA SOAP COMPANY, on behalf of itself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> GIVAUDAN S.A.; GIVAUDAN FRAGRANCES CORPORATION; GIVAUDAN FLAVORS CORPORATION; UNGERER & COMPANY, INC.; INTERNATIONAL FLAVORS & FRAGRANCES INC.; SYMRISE AG; SYMRISE INC.; SYMRISE US LLC; FIRMENICH INTERNATIONAL S.A.; FIRMENICH INCORPORATED; and AGILEX FLAVORS & FRAGRANCES, INC., <br><br> *Defendants*. | **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Chautauqua Soap Company ("Plaintiff") brings this action on behalf of itself  and on behalf of the Class defined herein against Defendants Givaudan S.A.; Givaudan Fragrances Corporation; Givaudan Flavors Corporation; Ungerer & Company, Inc.; International Flavors & Fragrances Inc.; Symrise AG; Symrise Inc.; Symrise US LLC; Firmenich International S.A.; Firmenich Incorporated; and Agilex Flavors & Fragrances, Inc. (collectively, "Defendants") based upon personal knowledge, where applicable, information and belief, and the investigation of counsel.

## I.   NATURE OF THE ACTION

1.   On March 7, 2023, the European press reported unannounced inspections, dawn raids and formal requests for documents sent to the four global giants in the global fragrance industry, as well as a global industry association, related to a global investigation of price fixing, market allocation, and agreeing to limit supply.

2.   The announcement of the global investigation was made by the Swiss Competition Commission known as COMCO based in Bern, Switzerland.

3.   The investigation appears to be led by the European Commission's antitrust authority, which is reported to have carried out the raids in conjunction with the U.S. Department of Justice Antitrust Division; the UK Competition and Markets Authority; the Swiss Competition Commission COMCO; and the competition authorities of the EU Member States where the inspections were carried out, which would add the competition authority in France.

4.   The Swiss authority stated there were suspicions that the targeted companies "have coordinated their pricing policy, prohibited their competitors from supplying certain customers and limited the production of certain fragrances."

5.     Fragrances are used in a long line of products, including perfumes, cosmetics, shampoos, conditioners, detergents, toothpaste, soaps, body wash, shaving gel, aftershave, household cleaners, candles, dryer sheets, fabric softeners, other personal care products, and food products.

6.     The fragrance industry involves many billions of dollars of commerce. In the United States alone, 2023 revenue in the Fragrances segment is projected to be $8.71 billion. Firmenich reported revenues of $2.5 billion (2.4 billion Swiss francs) in the first six months of the 2022-2023 fiscal year. Givaudan reported annual sales of 7 billion Swiss francs. International Flavors & Fragrances reported revenues of $12.4 billion in 2022. Symrise posted sales of 4.6 billion euros in 2022.

7.     Defendants are the world's largest suppliers of fragrance compounds, ingredients, and miscellaneous fragrance-related ingredients ("Fragrance Products"). They are the giants of the fragrance industry, which industry is closely aligned with the flavors, aroma chemicals, and cosmetic ingredients sectors. All four industry giants compete in all the related sectors. The reported global market shares for the combined market for fragrances, flavors, aroma chemicals, and cosmetic ingredients are: Givaudan (Switzerland): 18%; International Flavors & Fragrances (United States): 22%; Symrise (Germany): 12%; and Firmenich International (Switzerland): 11%. Defendants' collective market share of the fragrance compound market is more than 70%. Defendants have solidified their dominance by embarking on joint ventures and acquiring competitors.

8.     The only other major manufacturers of fragrances, thus far not named in the global investigation, are Robertet SA headquartered in Grasse Cedex, France; Takasago International Corporation based in Tokyo; and BASF headquartered in Ludwigshafen, Germany.

9.     Plaintiff and the members of the putative Class are consumer goods manufacturers. They purchase Fragrance Products from Defendants in order to make the consumer goods Plaintiff and Class members produce.

## II.   JURISDICTION AND VENUE

10.     Plaintiff brings this action under Section 16 of the Clayton Act (15 U.S.C. § 26) to secure injunctive relief against defendants for violating Section 1 of the Sherman Act (15 U.S.C. § 1). Plaintiff also brings these state law class claims on behalf of all the classes to recover actual and/or compensatory damages, double and treble damages as permitted, pre- and post-judgment interest, costs, and attorneys' fees for the injury caused by defendants' conduct in increasing the price of Fragrance Products. Plaintiff seeks damages in excess of $5,000,000. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26. This Court also has jurisdiction under 28 U.S.C. § 1332(d) because the amount in controversy for each Class exceeds $5,000,000 and there are members of each Class which citizens of a different State than Defendants.

12.     Venue is proper in this District pursuant to Sections 4, 12, and 16 of the Clayton Act, 15 U.S.C. § 15(a), and 28 U.S.C. § 1391(b), (c), and (d). One or more Defendants resided, transacted business, were found, had agents in, or engaged in substantial activity in this District, and a substantial portion of the affected interstate trade and commerce described in this Complaint was carried out in this District.

13.     This Court also has personal jurisdiction over each Defendant because, inter alia, each Defendant: (a) transacted business throughout the United States, including in this District; (b) manufactured, sold, shipped, and/or delivered substantial quantities of Fragrance Products throughout the United States, including in this District; (c) had substantial contacts with the United States, including in this District; and/or (d) engaged in an antitrust conspiracy that was directed at and had a direct, foreseeable, and intended effect of causing injury to the business or property of persons residing in, located in, or doing business throughout the United States, including in this District.

14.     The activities of Defendants, as described herein, were within the flow of, were intended to, and did have direct, substantial, and reasonably foreseeable effects on, the foreign and interstate commerce of the United States.

## III.     PARTIES

### A.     Plaintiff

15.     Plaintiff Chautauqua Soap Company has its principal place of business located at 14 East Third Street, Jamestown NY 14701. Plaintiff manufactures soaps. Plaintiff has purchased Fragrance Products as defined herein other than directly from Defendants at a supra-competitive price and suffered antitrust injury and damages as a material, direct, and proximate results of Defendants' conspiracy and overt acts in furtherance thereof.

### B.     Defendants

16.     Defendant Givaudan S.A. is headquartered in Vernier, Switzerland, with its offices located at Chemin de la Parfumerie 5, 1214 Vernier, Switzerland. Givaudan S.A. is a corporation organized and existing under the laws of Switzerland. Givaudin S.A. transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and

fragrances. Givaudan S.A. and its U.S. subsidiaries have operations, offices, plants and facilities located in East Hanover, NJ; Middlesex, NJ; South Hackensack, NJ; Mount Olive, NJ; East Hanover, NJ; Towaco, NJ; Lincoln Park, NJ; and Somerset, NJ, as well as other locations in Illinois, Ohio, Kentucky, Florida, Nebraska, California, Massachusetts, Minnesota, New York, Pennsylvania and Wisconsin.

17.     Defendant Givaudan Fragrances Corporation is a subsidiary of Givaudan S.A., headquartered in East Hanover, New Jersey, with offices located at 717 Ridgefield Avenue, East Hanover, New Jersey 07936. Givaudan Fragrances Corporation is a corporation organized and existing under the laws of the State of Delaware. Givaudan Fragrances Corporation transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances.

18.     Defendant Givaudan Flavors Corporation is a subsidiary of Givaudan S.A., headquartered in East Hanover, New Jersey with offices located at 245 Merry Lane, East Hanover, New Jersey 07936. Givaudan Flavours Corporation is a corporation organized and existing under the laws of the State of Delaware. Givaudan Flavours Corporation transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances.

19.     Defendant Ungerer & Company, Inc. ("Ungerer") is a subsidiary of Givaudan, S.A. and is headquartered in Lincoln Park New Jersey with its offices located at 4 Ungerer Way, Lincoln, Park, NJ 07035. Ungerer is a corporation organized and existing under the laws of the State of Delaware. Ungerer transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances.

20.     Defendants Givaudan S.A., Givaudan Fragrances Corporation, Givaudan Flavors Corporation and Ungerer are herein collectively referred to as "Givaudan."

21.     Defendant International Flavors & Fragrances, Inc. ("IFFI") is headquartered in New York, New York, with its offices located at 521 West 57th Street, New York New York 10019. IFFI is corporation organized and existing under the laws of the State of New York. IFFI has offices for the conduct of its business within this District at 600 NJ-36, Hazlet, New Jersey 07730, and transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances. IFFI and its subsidiaries have operations, offices, plants and facilities located in multiple addresses in Branchburg, NJ; Ridgefield, NJ; Hazlet, NJ; Holmdel Township, NJ; Union Beach, NJ; Brunswick Township, NJ; and Ewing, NJ, as well as locations in Louisiana, West Virginia, Georgia, Ohio, Wisconsin, Texas, Illinois, Iowa, Delaware, Maine, Connecticut, California, Kansas, New York, Missouri, Indiana, North Carolina, Pennsylvania, Florida, Maryland, Nevada, Alabama, Tennessee, Michigan, Massachusetts, Oklahoma and Arkansas.

22.     Defendant Symrise AG is headquartered in Holzminden, Germany, with its offices located at Muehlenfeldstrasse 1, Corporate Communications, 37603 Holzminden, Germany. Symrise A.G. is a corporation organized and existing under the laws of Germany. Symrise AG transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavor and fragrance products. Symrise AG and its U.S. subsidiaries have operations, offices, plants and facilities located in Saddle Brook, NJ; Branchburg, NJ; Hasbrouck Heights, NJ; and Teterboro, NJ, as well as other locations in New York, Wisconsin, South Carolina, Oklahoma, Oregon, Florida, Georgia, Missouri, Ohio, Alabama, Minnesota, Mississippi, Iowa, Illinois, Texas, North Carolina and California.

23.     Defendant Symrise Inc. is a subsidiary of Symrise A.G., and is headquartered in Teterboro New Jersey, with offices locates at 300 North Street, Teterboro, New Jersey 07608. Symrise, Inc. is a corporation organized and existing under the laws of the State of Delaware. Symrise Inc. transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances.

24.     Defendant Symrise US LLC. is a subsidiary of Symrise A.G., and is headquartered in Teterboro New Jersey, with offices located at 300 North Street, Teterboro, New Jersey 07608. Symrise US LLC. is a limited liability company organized and existing under the laws of the State of Delaware. Symrise US LLC transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances.

25.     Defendants Symrise AG, Symrise Inc. and Symrise USD, LLC. are herein collectively referred to as "Symrise."

26.     Defendant Firmenich International S.A. is headquartered in Satigny, Switzerland with its offices located at Rue de la Bergere 7, Satigny CH-1242, Switzerland. Firmenich International S.A is a corporation organized and existing under the laws of Switzerland. Firmenich International S.A. has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances. Firmenich International S.A. and its U.S. subsidiaries have operations, offices, plants, and facilities located in Newark, NJ; Sussex, NJ; Middlesex, NJ; Piscataway, NJ; and Somerset, NJ, as well as at other locations in New York, California, Minnesota, Florida, Missouri and Georgia.

27.     Defendant Firmenich Incorporated is a subsidiary of Firmenich International S.A., and is headquartered in Plainsboro, New Jersey, with offices located at 250 Plainsboro Road Plainsboro, NJ 08536. Firmenich Incorporated is a corporation organized and existing under the

laws of the State of Delaware. Firmenich Incorporated transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances.

28.     Defendant Agilex Flavors & Fragrances, Inc. ("Agilex") is a subsidiary of Firmenich International, S.A. and is headquartered in Piscataway New Jersey, with its offices located at 140 Centennial Ave #100, Piscataway, NJ 08854. Agilex is a corporation organized and existing under the laws of the State of Delaware. Agilex transacts or has transacted business in this District, and is engaged in the development, manufacture, and sale of flavors and fragrances.

29.     Defendants Firmenich International, S.A., Firmenich Incorporated and Agilex are herein collectively referred to as "Firmenich."

## IV.     FACTUAL ALLEGATIONS

### A.     The Fragrance Industry

30.     Fragrance is an essential component of many of the consumer goods Plaintiff and Class members produce. Consumer goods manufacturers include fragrances in a variety of goods, such as soap, cleaning products, and cosmetics.

31.     Consumer goods manufacturers tend not to manufacture the fragrances they use in their products. Instead, they purchase Fragrance Products from fragrance manufacturers, including Defendants.

32.     For at least as long as the Class Period, the fragrance industry has been characterized by numerous factors that facilitated Defendants' conspiracy. By way of illustration and not limitation, the industry has exhibited (1) market concentration among a limited number of participants; (2) high barriers to entry; (3) mutual interchangeability of Defendants' products; (4) inelasticity of demand; (5) product commoditization and (6) ease of information sharing among Defendants.

33.     ***Market Concentration.*** The fragrance industry is a highly concentrated market where a small number of firms have operated and dominated the industry for a great number of years. The more highly concentrated a market is, the less competitive it can tend to become. When more than two companies, but still a small number, compete in, dominate and control a given market sector that all are influential players in the market, the market can be described as an oligopoly.

34.     This market structure can give Defendants influence over price and other aspects of the market in the presence of collusive activity. Major barriers to competition include exclusive access to resources or patented processes, patents, actions of businesses in the oligopoly or government limits.

35.     The four Defendants have dominated the fragrance industry for over 100 years.

36.     Defendant Givaudan has its historical roots in Grasse, France in 1768 and was founded in 1895 in Zurich, Switzerland. As of 2008, Givaudan became the world's largest company in the flavor and fragrance industries. It is currently headquartered in Vernier, Switzerland and had revenues of 7.1 billion Swiss francs in 2022, of which 3.2 billion was from fragrance & beauty sales, and 166 locations worldwide. 50% of their 2022 sales were to multinational customers and 26% of sales were to customers in North America.

37.     The first of International Flavors & Fragrances Inc.'s parent companies, Polak & Schwartz, was established in 1889 in Zutphen, Netherlands, but IFF's corporate history dates back to 1833 in London. The operations and headquarters were moved to the United States in New York in 1935, and following the merger of the worldwide operations of Polak & Schwarz and van Ameringen-Haebler in 1958, the company was renamed International Flavors & Fragrances Inc. International Flavors & Fragrances has been publicly traded (NYSE: IFF) since 1964 and produces

flavors, fragrances and cosmetic actives which are sold globally. It had sales and manufacturing facilities in 44 countries, 24,600 employees in 2022 and $12.4 billion in revenue in 2022. IFF reported having a 5-year annual growth rate of 29.63%. IFF had 104 manufacturing facilities and 82 laboratory facilities in 2019.

38.     The origin of the two predecessor companies of Symrise date back as far as 1874 when founders Haarmann & Reimer established their first vanillin factory in Holzminden, Germany. The predecessor Dragoco was founded in 1919, which became one of the world's leading suppliers of fine perfume compositions, aroma chemicals and cosmetic raw materials. Symrise was formed by the merger of Haarmann & Reimer and Dragoco in 2003, which went public on the German Stock Exchange as the largest IPO of 2006. Symrise has over 12,000 employees as of 2022 working at more than 100 facilities around the world, manufacturing 35,000 products for over 6,000 customers in more than 150 countries.

39.     Defendant Firmenich is the world's largest privately owned fragrance and taste company founded in Geneva, Switzerland in 1895. It has been family-owned for 128 years. Firmenich is engaged in the research, creation, manufacture and sale of perfumes, flavors and ingredients sold to other businesses, including formulation of ingredients and proprietary technologies such as biotechnology. Firmenich had sales of 4.9 billion Swiss francs for the calendar year ending December 31, 2022. Firmenich has 83 affiliates, over 11,000 employees, manufactures 30,000 unique products, processes more than 200,000 purchase orders, operates 46 manufacturing plants and six research and development centers, and sells to customers located in more than 100 markets. Firmenich delivered double-digit and record revenue growth in the first half of fiscal year 2023.

40.     Not surprisingly given the age of the main players in the industry, the fragrance industry is a mature one dominated by established corporations, each having multinational operations, global market reach, and diverse product portfolios and easy access to resources and capital.

41.     ***High Barriers to Entry.*** Companies seeking to enter the fragrance industry confront various significant barriers to entry, including compliance with multiple regulatory regimes; access to critical ingredients and distribution networks; and investment in intellectual property and research and development. Further, Defendants are to a large extent vertically integrated. New entrants to the industry are unable to rival Defendants' ability to control multiple stages of fragrance production. Given these barriers, new entrants are unlikely to be able to compete away supra-competitive cartel pricing. Here, high barriers to entry have prevented entry by sellers of Fragrance Products despite the artificial inflation of prices.

42.     ***Mutual Interchangeability of Products***. Fragrance industry products are interchangeable. Thus, a specific fragrance industry product manufactured by one of the Defendants can be exchanged for a product of another Defendant with the same specifications.

43.     ***Inelasticity of Demand.*** Demand is inelastic for most fragrance industry products.

44.     When there are few or no substitutes for a product, purchasers have little choice but to pay higher prices in order to purchase these products. Fragrance industry products are a fundamental and necessary component in the end-products in which they are employed. These products perform a particular function that generally cannot be replicated through inclusion of substitute products.

45. ***Product Commoditization***. Fragrance industry products are mass-produced through standardized manufacturing processes. The products at the center of Defendants' conspiracy are largely commoditized.

46. When a product is characterized as a commodity, market participants typically compete on the basis of price rather than other attributes such as product quality or customer service. Where competition occurs principally on the basis of price, it is easier to implement and monitor a cartel because price is more often objectively measurable and observable than non-price factors such as service.

47. ***Ease of Information Sharing.*** Because of their common membership in trade associations and interrelated business relationships between certain executives, officers, and employees of the Defendants, there were many opportunities both before and during the Class Period for Defendants to collude by discussing competitive information. These trade associations and other business relationships make a market more susceptible to collusive behavior because they can provide a pretense under which conspirators can exchange sensitive company information such as pricing and market allocation.

48. For example, Defendants are four of the seven "Regular Members" of the International Fragrance Association ("IFRA") global representative body of the fragrance industry. The association represents the collective interests of the industry and promotes the safe use of fragrances through regulation.

49. The IFRA is the official self-regulatory body of the fragrance industry worldwide. The organization publishes IFRA standards including ingredients that are prohibited as a fragrance ingredient, restricted or only allowed in prescribed quantities, and requiring accompanying specifications concerning their use. The IFRA's main purpose is to ensure the safety of fragrance

materials through a dedicated science program. IFRA publishes a list of usage standards for fragrance materials, limiting or prohibiting the use of ingredients based on the findings of the Research Institute of Fragrance Materials, which gathers data about the safety of fragrance materials.

50.     The IFRA was founded in 1973 and has its head office located in Geneva, Switzerland and its operations center located in Brussels, Belgium. The association works closely with the International Organization of the Flavor Industry (IOFI), where Defendants are also four of the eleven "Company Ordinary Members."

51.     Defendants are also members of the European Flavour Association founded in 1961 and based in Brussels, Belgium; and the Research Institute for Fragrance Materials ("RIFM").

**B.     Defendants' Conspiracy**

52.     On March 7, 2023, the European press reported unannounced inspections, dawn raids and formal requests for documents sent to the four global giants in the global fragrance industry, as well as a global industry association, related to a global investigation of price fixing, market allocation and agreeing to limit supply.

53.     The announcement of the global investigation was made by the Swiss Competition Commission, known as COMCO, based in Bern, Switzerland.

54.     The investigation appears to be led by the European Commission's antitrust authority, which is reported to have carried out the raids in conjunction with the U.S. Department of Justice Antitrust Division, the UK Competition and Markets Authority, the Swiss Competition Commission COMCO and the competition authorities of the EU Member States where the inspections were carried out, which would add the competition authority in France.

55.    The Swiss authority stated there were suspicions that the targeted companies "have coordinated their pricing policy, prohibited their competitors from supplying certain customers and limited the production of certain fragrances."

56.    All four industry giants acknowledged and confirmed by March 8, 2023 that they were under investigation and were cooperating with the various competition authorities.

**C.    Price Increases**

57.    In furtherance of their conspiracy, Firmenich, Givaudan, IFFI, and Symrise have each implemented significant prices increases during the Class Period.

58.    Defendants' representatives publicly acknowledged the success of these price increases. As recently as January 25, 2023, for example, Givaudan's Chief Executive Officer explained that a margin decrease was a result of the higher input costs, partially compensated by price increases. Defendants' public statements also suggest they were aware of competitively sensitive information.

59.    Defendants at times reported their price increases within several weeks of one another. For example, between March 17, 2022, and August 30, 2022, IFF, Symrise, and Givaudan all announced price increases.

60.    Plaintiffs and members of the Class have purchased Fragrance Products from Defendants. Because of Defendants' anticompetitive conduct, Plaintiffs and the Class members were forced to pay more for these products than they otherwise would have, and thus have suffered substantial overcharge damages at the hands of the Defendants.

61.    Defendants' unlawful conduct has successfully eliminated or suppressed competition in the market, and Plaintiffs and the Class members have sustained and continue to sustain, significant losses in the form of artificially inflated prices paid to Defendants.

62.     Defendants, through their unlawful conduct alleged herein, reduced competition in the fragrance market, increased prices, reduced choice for purchasers, and caused antitrust injury to purchasers in the form of overcharges.

63.     Defendants' anticompetitive conduct is ongoing.

## V.     CLASS ACTION ALLEGATIONS

64.     Plaintiff brings this action on behalf of itself and as a class action under the provisions of Rules 23(a) and (b) of the Federal Rules of Civil Procedure, seeking equitable and injunctive relief on behalf of members of the following class (the "Nationwide Class"):

> All persons (including individuals, companies, or other entities) in the United States that purchased Fragrance Products other than directly from Defendants for their own commercial use from January 1, 2018, and continuing through the present (the "Class Period"). The United States includes all fifty states, its territories, and the District of Columbia.

65.     Plaintiff also brings this action on behalf of itself and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure seeking damages pursuant to the common law of unjust enrichment and the state antitrust, unfair competition, and consumer protection laws of the states and territories listed below (the "Indirect Purchaser States")[1] on behalf of the following class (the "Damages Class"):

> All persons (including individuals, companies, or other entities) in the Indirect Purchaser States that purchased Fragrance Products other than directly from the Defendants for their own commercial use from January 1, 2018, and continuing through the present (the "Class Period").

---

[1] The Indirect Purchaser States include the following states (and territory): Arizona, Arkansas, California, District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

15

66.     Excluded from the Class are Defendants; their officers, directors, management, employees, parents, subsidiaries, affiliates, and coconspirators. Also excluded are any federal, state, or local governmental entities and their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions, any judicial officers presiding over this action and their spouses as well as their law clerks and their spouses.

67.     Members of the Class are so numerous and geographically dispersed that joinder is impracticable. Further, members of the Class are readily identifiable from information and records in Defendants' possession.

68.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and members of the Class were damaged by the same wrongful conduct of Defendants.

69.     Plaintiff will fairly and adequately protect and represent the interests of members of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of members of the Class.

70.     Plaintiff is represented by counsel with experience in the prosecution and leadership of class action antitrust and other complex litigation.

71.     Questions of law and fact common to the members of the Class predominate over questions that may affect only individual Class members, thereby making damages with respect to members of the Class as a whole appropriate. Questions of law and fact common to members of the Class include, but are not limited to:

a.     Whether Defendants combined and/or conspired to fix, raise, maintain, or stabilize prices of Fragrance Products to purchasers in the United States at any time during the Class Period;

b.  Whether Defendants concertedly fixed, raised, maintained or stabilized prices of Fragrance Products sold to purchasers in the United States at any time during the Class Period, or committed other conduct in furtherance of the conspiracy alleged herein;

c.  Whether the actions of Defendants in so conspiring violated Section 1 of the Sherman Act;

d.  Whether Defendants fraudulently concealed their conspiracy from purchasers in the United States;

e.  The scope and duration of the alleged conspiracy;

f.  Injury suffered by Plaintiff and members of the Class;

g.  Damages suffered by Plaintiff and members of the Class; and

h.  Whether Defendants have acted or refused to act on grounds generally applicable to members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to members of the Class as a whole.

72.  Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would require.

73.  The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be

pursued individually, substantially outweigh potential difficulties in management of this class action.

74.     Plaintiff knows of no special difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

75.     Plaintiff has defined members of the Class based on currently available information and hereby reserves the right to amend the definition of members of the Class, including, without limitation, the Class Period.

## VI.     EQUITABLE TOLLING AND FRAUDULENT CONCEALMENT

76.     Any applicable statute of limitations for Plaintiff and the Class has been tolled with respect to any claims and rights of action that Plaintiff and the Class have as a result of the unlawful combination and conspiracy alleged in this Complaint. Defendants are equitably estopped from asserting a statute of limitations defense by reason of Defendants' concealment of the conspiracy.

77.     Plaintiffs have had neither actual nor constructive knowledge of the pertinent facts constituting their claims for relief asserted herein, despite their diligence in trying to discover such facts. Plaintiffs and members of the Class could not have discovered through reasonable diligence the existence of the conspiracy alleged herein until in or about March 7, 2023, when European Commission dawn raids in conjunction with the United States Department of Justice Antitrust Division, the UK Competition and Markets Authority, the Swiss Competition Commission and competition authorities of various EU member states became public.

78.     Defendants engaged in a self-concealing conspiracy that did not give rise to facts that would put Plaintiffs or the Class on inquiry notice that there was a conspiracy among Defendants. Defendants also engaged in acts to conceal their conspiracy including secret communications and meetings.

18

79.     Defendants also gave pretextual justifications for the pricing changes and the reduction in output that occurred during the Class Period.

80.     Indeed, Defendants relied on a variety of market-based explanations for pricing changes and reductions in output in order to conceal the conspiracy.

## CAUSES OF ACTION

### COUNT I

### Violation of Section 1 of the Sherman Act (15 U.S.C. §§ 1, 3)

### (Conspiracy in Restraint of Trade)

81.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

82.     At least as early as January 1, 2018, defendants entered into a continuing agreement in violation of the Sherman Act.

83.     Defendants' anticompetitive acts involved United States domestic commerce and other commerce, and had a direct, substantial, and foreseeable effect on interstate commerce by raising, fixing, and maintaining prices for Fragrance Products throughout the United States.

84.     As a direct and proximate result of defendants' anticompetitive conduct, plaintiff and members of the Nationwide Class have been injured in their business or property and will continue to be injured in their business and property by paying more for Fragrance Products than they would have paid and will pay in the absence of the conspiracy.

85.     The alleged contract, combination, or conspiracy is a per se violation of the federal antitrust laws.

## COUNT II

### Violation of State Antitrust Statutes

86.     Plaintiff repeats the allegations set forth above as if fully set forth herein, and each of the state-specific causes of action described below incorporates the allegations as if fully set forth therein.

87.     During the Class Period, Defendants engaged in a continuing contract, combination, or conspiracy with respect to the sale of Fragrance Products in unreasonable restraint of trade and commerce and in violation of the various state antitrust and other statutes set forth below.

88.     The contract, combination, or conspiracy consisted of an agreement among Defendants to fix, raise, inflate, stabilize, and/or maintain at artificially supracompetitive prices for Fragrance Products, including in the United States and its territories.

89.     In formulating and effectuating this conspiracy, Defendants performed acts in furtherance of the combination and conspiracy, including agreeing to fix, increase, inflate, maintain, or stabilize effective prices of Fragrance Products purchased by Plaintiff and members of the Damages Class.

90.     Defendants engaged in the actions described above for the purpose of carrying out their unlawful agreements to fix, increase, maintain, or stabilize prices of Fragrance Products. As a direct and proximate result, Plaintiff and members of the Damages Class were deprived of free and open competition and paid more for Fragrance Products than they otherwise would have in the absence of Defendants' unlawful conduct. This injury is of the type the antitrust laws of the states included herein were designed to prevent, and this injury flows from that which makes Defendants' conduct unlawful.

91.     Accordingly, Plaintiff and the members of the Damages Class in each of the following jurisdictions seek damages (including statutory damages where applicable), to be trebled or otherwise increased as permitted by a particular jurisdiction's antitrust law, and costs of suit, including reasonable attorneys' fees, to the extent permitted by the following state laws.

92.     Defendants' anticompetitive acts described above were knowing, willful and constitute violations of the following state antitrust statutes.

93.     **Arizona:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Ariz. Rev. Stat. §44-1401, *et seq*. Defendants' conspiracies had the following effects: (1) price competition for Fragrance Products was restrained, suppressed, and eliminated throughout Arizona; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Arizona. During the Class Period, Defendants' illegal conduct substantially affected Arizona commerce. Accordingly, Plaintiff and members of the Damages Class seek all forms of relief available under Ariz. Rev. Stat. §44-1401, *et seq*.

94.     **California:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Cal. Bus. & Prof. Code §16700, *et seq*. During the Class Period, Defendants entered into and engaged in a continuing unlawful trust in restraint of the trade and commerce described above in violation of Cal. Bus. & Prof. Code §16720. Each defendant has acted in violation of Cal. Bus. & Prof. Code §16720 to fix, raise, stabilize, and maintain prices of Fragrance Products at supracompetitive levels. The violations of Cal. Bus. & Prof. Code §16720 consisted, without limitation, of a continuing unlawful trust and concert of action among Defendants, the substantial terms of which were to fix, raise, maintain, and stabilize the prices of Fragrance Products. For the purpose of forming and effectuating the unlawful trust, Defendants have done those things which they combined and conspired to do, including, but not limited to, the acts,

21

practices and course of conduct set forth above, and creating a price floor, fixing, raising, and stabilizing the price of Fragrance Products. The combination and conspiracy alleged herein has had, inter alia, the following effects: (1) price competition for Fragrance Products has been restrained, suppressed, and/or eliminated in the State of California; (2) prices for Fragrance Products provided by Defendants have been fixed, raised, stabilized, and pegged at artificially high, non-competitive levels in the State of California and throughout the United States; and (3) those who purchased Fragrance Products indirectly from Defendants have been deprived of the benefit of free and open competition. As a result of Defendants' violation of Cal. Bus. & Prof. Code §16720, Plaintiff and members of the Damages Class seek treble damages and their cost of suit, including a reasonable attorneys' fee, pursuant to Cal. Bus. & Prof. Code §16750(a).

95. **District of Columbia:** Defendants have entered into an unlawful agreement in restraint of trade in violation of D.C. Code §28-4501, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout the District of Columbia; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout the District of Columbia; (3) Plaintiff and members of the Damages Class, including those who resided in the District of Columbia and purchased Fragrance Products in the District of Columbia, paid supracompetitive, artificially inflated prices for Fragrance Products, including in the District of Columbia. During the Class Period, Defendants' illegal conduct substantially affected commerce in the District of Columbia. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of D.C. Code §28-4501, *et seq*. Accordingly, Plaintiff and members of the Damages Class seek all forms of relief available under D.C. Code §28-4501, *et seq*.

96.     **Illinois:** Defendants have entered into an unlawful agreement in restraint of trade in violation of the Illinois Antitrust Act, 740 Illinois Compiled Statutes 10/1, *et seq.* The Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Illinois; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Illinois. During the Class Period, Defendants' illegal conduct substantially affected Illinois commerce. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of 740 Illinois Compiled Statutes 10/1, *et seq.* Accordingly, Plaintiffs and members of the Class seek all forms of relief available under 740 Illinois Compiled Statutes 10/1, *et seq.*

97.     **Iowa:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Iowa Code §553.1, *et seq.* Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Iowa; (2) Fragrance Product prices were raised, fixed, maintained and stabilized at artificially high levels throughout Iowa. During the Class Period, Defendants' illegal conduct substantially affected Iowa commerce. By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Iowa Code §553.1, *et seq.* Accordingly, Plaintiff and members of the Damages Class seek all forms of relief available under Iowa Code §553.1, *et seq.*

98.     **Kansas**: Defendants have entered into an unlawful agreement in restraint of trade in violation of Kan. Stat. §50-101, *et seq.* Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Kansas; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Kansas. During the Class Period, Defendants'

illegal conduct substantially affected Kansas commerce. Accordingly, Plaintiff and members of the Damages Class seek all forms of relief available under Kan. Stat. §50-101, *et seq*.

99. **Maine:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Me. Rev. Stat. Ann. tit. 10, § 1101. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Maine; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Maine. During the Class Period, Defendants' illegal conduct substantially affected Maine commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Me. Rev. Stat. Ann. tit. 10, § 1104.

100. **Michigan:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Mich. Comp. Laws §445.771, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Michigan; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Michigan. During the Class Period, Defendants' illegal conduct substantially affected Michigan commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Mich. Comp. Laws §445.771, *et seq*.

101. **Minnesota:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Minn. Stat. §325D.49, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Minnesota; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Minnesota. During the Class Period, Defendants' illegal conduct substantially affected Minnesota commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Minn. Stat. §325D.49, *et seq*.

102. **Mississippi:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Miss. Code §75-21-1, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Mississippi; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Mississippi. During the Class Period, Defendants' illegal conduct substantially affected Mississippi commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Miss. Code §75-21-1, *et seq*.

103. **Nebraska:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Neb. Rev. Stat. §59-801, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Nebraska; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Nebraska. During the Class Period, Defendants' illegal conduct substantially affected Nebraska commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Neb. Rev. Stat. §59-801, *et seq*.

104. **Nevada:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Nev. Rev. Stat. Ann. §598A.010, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Nevada; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Nevada. During the Class Period, Defendants' illegal conduct substantially affected Nevada commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Nev. Rev. Stat. Ann. §598A.010, *et seq*.

105. **New Hampshire**: Defendants have entered into an unlawful agreement in restraint of trade in violation of New Hampshire Revised Statutes Ann. §356:1. Defendants' combinations

or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout New Hampshire; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout New Hampshire. During the Class Period, Defendants' illegal conduct substantially affected New Hampshire commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under New Hampshire Revised Statutes §356:1, *et seq*.

106.    **New Mexico:** Defendants have entered into an unlawful agreement in restraint of trade in violation of New Mexico Statutes Annotated § 57-1-1, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout New Mexico; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout New Mexico. During the Class Period, Defendants' illegal conduct substantially affected New Mexico commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under New Mexico Statutes Annotated § 57-1-1, *et seq*.

107.    **New York:** Defendants have entered into an unlawful agreement in restraint of trade in violation of New York General Business Laws § 340, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout New York; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout New York. During the Class Period, Defendants' illegal conduct substantially affected New York commerce. The conduct set forth above is a per se violation of the Donnelly Act, § 340, *et seq*. Accordingly, Plaintiff and members of the Damages Class seek all relief available under New York General Business Laws § 340, *et seq*.

108. **North Carolina:** Defendants have entered into an unlawful agreement in restraint of trade in violation of North Carolina General Statutes § 75-1, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout North Carolina; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout North Carolina; During the Class Period, Defendants' illegal conduct substantially affected North Carolina commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under North Carolina General Statutes § 75-16, *et seq*.

109. **North Dakota**: Defendants have entered into an unlawful agreement in restraint of trade in violation of N.D. Cent. Code §51-08.1-01, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout North Dakota; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout North Dakota. During the Class Period, Defendants' illegal conduct had a substantial effect on North Dakota commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under N.D. Cent. Code §51-08.1-01, *et seq*.

110. **Oregon:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Or. Rev. Stat. § 646.725, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed and eliminated throughout Oregon; (2) Fragrance Product prices were raised, fixed, maintained and stabilized at artificially high levels throughout Oregon. During the Class Period, Defendants' illegal conduct had a substantial effect on Oregon commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Or. Rev. Stat. § 646.780, *et seq*.

111.    **Rhode Island:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Rhode Island General Laws § 6-36-4, *et seq*. The Rhode Island statutes allow actions on behalf of indirect purchasers for conduct during the Class Period. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Rhode Island; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Rhode Island. During the Class Period, Defendants' illegal conduct had a substantial effect on Rhode Island commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Rhode Island General Laws § 6-36-11, *et seq*.

112.    **South Dakota:** Defendants have entered into an unlawful agreement in restraint of trade in violation of South Dakota Codified Laws § 37-1-3.1, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout South Dakota; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout South Dakota. During the Class Period, Defendants' illegal conduct had a substantial effect on South Dakota commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under South Dakota Codified Laws § 37-1-3.1, *et seq*.

113.    **Tennessee:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Tenn. Code Ann. §47-25-101, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Tennessee; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Tennessee. During the Class Period, Defendants' illegal conduct had a substantial effect on Tennessee commerce. Accordingly,

Plaintiff and members of the Damages Class seek all relief available under Tenn. Code Ann. §47-25-101, *et seq*.

114.    **Utah:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Utah Code Annotated § 76-10-3101, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Utah; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Utah. During the Class Period, Defendants' illegal conduct had a substantial effect on Utah commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Utah Code Annotated § 76-10-3101, *et seq*.

115.    **Vermont:** Defendants have entered into an unlawful agreement in restraint of trade in violation of 9 Vermont Stat. Ann. § 2453, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Vermont; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Vermont. During the Class Period, Defendants' illegal conduct had a substantial effect on Vermont commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under 9 V.S.A. § 2465, *et seq*.

116.    **West Virginia:** Defendants have entered into an unlawful agreement in restraint of trade in violation of West Virginia Code § 47-18-3, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout West Virginia; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout West Virginia. During the Class Period, Defendants' illegal conduct had a substantial effect on West Virginia commerce.

Accordingly, Plaintiff and members of the Damages Class seek all relief available under West Virginia Code § 47-18-9, *et seq*.

117.    **Wisconsin:** Defendants have entered into an unlawful agreement in restraint of trade in violation of Wis. Stat. §133.01, *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Wisconsin; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Wisconsin. During the Class Period, Defendants' illegal conduct had a substantial effect on Wisconsin commerce. Accordingly, Plaintiff and members of the Damages Class seek all relief available under Wis. Stat. §133.01, *et seq*.

## COUNT III

## Violation of State Consumer Protection Statutes

118.    Plaintiff repeats the allegations set forth above as if fully set forth herein, and each of the state-specific causes of action described below incorporates the allegations as if fully set forth therein.

119.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

120.    **Arkansas**: Defendants have knowingly entered into an unlawful agreement in restraint of trade in violation of Ark. Code Ann. §4-88-101, *et seq*. Defendants knowingly agreed to, and did in fact, act in restraint of trade or commerce by affecting, fixing, controlling, and/or maintaining at non-competitive and artificially inflated levels, the prices at which Fragrance Products were sold, distributed, or obtained in Arkansas and took efforts to conceal their agreements from Plaintiff and members of the Damages Class. The aforementioned conduct on

the part of the Defendants constituted "unconscionable" and "deceptive" acts or practices in violation of Ark. Code Ann. §4-88-107(a)(10). Defendants' unlawful conduct had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Arkansas; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Arkansas. During the Class Period, Defendants' illegal conduct substantially affected Arkansas commerce and consumers. Defendants have engaged in unfair competition or unfair or deceptive acts or

121.     practices in violation of Ark. Code Ann. §4-88-107(a)(10) and, accordingly, Plaintiff and the members of the Damages Class seek all relief available under that statute.

122.     **California:** Defendants have engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of Cal. Bus. & Prof. Code §17200, *et seq*. During the Class Period, Defendants manufactured, marketed, sold, or distributed Fragrance Products in California, and committed and continue to commit acts of unfair competition, as defined by Cal. Bus. & Prof. Code §17200, *et seq*., by engaging in the acts and practices specified above. This claim is instituted pursuant to Cal. Bus. & Prof. Code §§17203 and 17204, to obtain restitution from these Defendants for acts, as alleged herein, that violated Cal. Bus. & Prof. Code §17200, commonly known as the Unfair Competition Law. Defendants' conduct as alleged herein violated Cal. Bus. & Prof. Code §17200. The acts, omissions, misrepresentations, practices and nondisclosures of Defendants, as alleged herein, constituted a common, continuous, and continuing course of conduct of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code §17200, *et seq*., including, but not limited to, the following: (1) the violations of §1 of the Sherman Act, as set forth above; (2) the violations of Cal. Bus. & Prof. Code §16720, *et seq*., set

31

forth above. Defendants' acts, omissions, misrepresentations, practices, and non-disclosures, as described above, whether or not in violation of Cal. Bus. & Prof. Code §16720, *et seq*., and whether or not concerted or independent acts, are otherwise unfair, unconscionable unlawful or fraudulent; (3) Defendants' acts or practices are unfair to purchasers of Fragrance Products in the State of California within the meaning of Cal. Bus. & Prof. Code §17200 et. seq.; and (4) Defendants' acts and practices are fraudulent or deceptive within the meaning of Cal. Bus. & Prof. Code §17200, *et seq*. Plaintiff and members of the Damages Class are entitled to full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits that may have been obtained by Defendants as a result of such business acts or practices. The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future. The unlawful and unfair business practices of Defendants, and each of them, as described above, have caused, and continue to cause Plaintiff and the members of the Damages Class to pay supracompetitive and artificially inflated prices for Fragrance Products. Plaintiff and the members of the Damages Class suffered injury in fact and lost money or property as a result of such unfair competition. The conduct of Defendants as alleged in this Complaint violates Cal. Bus. & Prof. Code §17200, *et seq*. As alleged in this Complaint, Defendants have been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair competition. Plaintiff and the members of the Damages Class are accordingly entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits that may have been obtained by Defendants as a result of such business practices, pursuant to Cal. Bus. & Prof. Code §§17203 and 17204.

123.    **Florida:** Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act,

Fla. Stat. §501.201, *et seq*. Defendants' unlawful conduct had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Florida; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Florida. During the Class Period, Defendants' illegal conduct substantially affected Florida commerce and consumers. Accordingly, plaintiff and members of the Damages Class seek all relief available under Fla. Stat. §501.201, *et seq*.

124.    **Minnesota**: Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq*. Defendants engaged in unfair and deceptive trade practices during the course of their business dealings, which significantly impacted Plaintiff as a purchaser of the Defendants' goods, and which caused Plaintiff to suffer injury. Defendants took efforts to conceal their agreements from Plaintiff and the members of the Damages Class. Defendants' unlawful conduct had the following effects: (1) Fragrance Product price competition was restrained, suppressed, and eliminated throughout Minnesota; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Minnesota. During the Class Period, Defendants' illegal conduct substantially affected Minnesota commerce and Fragrance Product purchasers. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325D.43, *et seq*., and, accordingly, Plaintiff and members of the Damages Class seek all relief available under that statute and as equity demands.

125.    **New Mexico:** Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of New Mexico Stat. § 57-12-1, *et seq*. In New Mexico, price-fixing is actionable as an "unconscionable trade practice" under N.M. Stat.

§ 57-12-2(E) because it "takes advantage of the lack of knowledge … of a person to a grossly unfair degree" and also results in a "gross disparity between the value received by a person and the price paid." Defendants had the sole power to set that price, and Plaintiff and members of the Damages Class had no meaningful ability to negotiate a lower price from wholesalers. Moreover, Plaintiff and members of the Damages Class lacked any meaningful choice in purchasing Fragrance Products because they were unaware of the unlawful overcharge, and there was no alternative source of supply through which Plaintiff and members of the Damages Class could avoid the overcharges. Defendants' conduct with regard to sales of Fragrance Products, including their illegal conspiracy to secretly fix the price of Fragrance Products at supracompetitive levels and overcharge consumers, was substantively unconscionable because it was one-sided and unfairly benefited Defendants at the expense of Plaintiff and the public. Defendants took grossly unfair advantage of Plaintiff and members of the Damages Class. Defendants' unlawful conduct had the following effects: (1) Fragrance Product price competition was restrained, suppressed and eliminated throughout New Mexico; (2) Fragrance Products prices were raised, fixed, maintained and stabilized at artificially high levels throughout New Mexico; (3) Plaintiff and members of the Damages Class were deprived of free and open competition; and (4) Plaintiff and members of the Damages Class paid supracompetitive, artificially inflated prices for Fragrance Products. During the Class Period, Defendants' illegal conduct substantially affected New Mexico commerce and consumers. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Damages Class have been injured and are threatened with further injury. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Stat. § 57-12-1, *et seq*., and, accordingly, Plaintiff and members of the Damages Class seek all relief available under that statute.

Case 2:23-cv-03249-WJM-JSA   Document 1   Filed 06/13/23   Page 36 of 44 PageID: 36

126.    **North Carolina:** Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of N.C. Gen. Stat. §75-1.1, *et seq*. Defendants agreed to, and did in fact, act in restraint of trade or commerce by affecting, fixing, controlling and/or maintaining, at artificial and non-competitive levels, the prices at which Fragrance Products were sold, distributed or obtained in North Carolina and took efforts to conceal their agreements from Plaintiff and members of the Damages Class. Defendants' price-fixing conspiracy could not have succeeded absent deceptive conduct by Defendants to cover up their illegal acts. Secrecy was integral to the formation, implementation and maintenance of Defendants' price-fixing conspiracy. Defendants committed inherently deceptive and self-concealing actions, of which Plaintiff could not possibly have been aware. Defendants publicly provided pretextual and false justifications regarding their price increases. The conduct of Defendants described herein constitutes consumer-oriented deceptive acts or practices within the meaning of North Carolina law, which resulted in consumer injury and injury to commercial and institutional indirect purchasers along with broad adverse impact on the public at large, and harmed the public interest of North Carolina consumers and commercial and institutional indirect purchasers in an honest marketplace in which economic activity is conducted in a competitive manner. Defendants' unlawful conduct had the following effects: (1) Fragrance Product price competition was restrained, suppressed and eliminated throughout North Carolina; (2) Fragrance Product prices were raised, fixed, maintained and stabilized at artificially high levels throughout North Carolina; (3) Plaintiff and members of the Damages Class were deprived of free and open competition; and (4) Plaintiff and members of the Damages Class paid supracompetitive, artificially inflated prices for Fragrance Products. During the Class Period, Defendants marketed, sold, or distributed Fragrance Products in North Carolina, and Defendants' illegal conduct

substantially affected North Carolina commerce and consumers. During the Class Period, each of the Defendants named herein, directly, or indirectly and through affiliates, dominated and controlled, manufactured, sold and/or distributed Fragrance Products in North Carolina. Plaintiff and members of the Damages Class seek actual damages for their injuries caused by these violations in an amount to be determined at trial and are threatened with further injury. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. §75-1.1, *et seq*., and, accordingly, Plaintiff and members of the Damages Class seek all relief available under that statute.

127.    **South Carolina:** Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 *et seq*. Defendants' combinations or conspiracies had the following effects: (1) Fragrance Product price competition was restrained, suppressed and eliminated throughout South Carolina; (2) Fragrance Product prices were raised, fixed, maintained and stabilized at artificially high levels throughout South Carolina. During the Class Period, Defendants' illegal conduct had a substantial effect on South Carolina commerce. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Damages Class have been injured in their business and property and

128.    are threatened with further injury. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Ann. §39-5-10 *et seq*., and, accordingly, Plaintiff and the members of the Damages Class seek all relief available under that statute.

129.    **Vermont:** Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of 9 Vermont Stat. Ann. § 2451, *et seq*.

Defendants agreed to, and did in fact, act in restraint of trade or commerce in a market that includes Vermont, by affecting, fixing, controlling, and/or maintaining, at artificial and non-competitive levels, the prices at which Fragrance Products were sold, distributed, or obtained in Vermont. Defendants deliberately failed to disclose material facts to Plaintiff and members of the Damages Class concerning Defendants' unlawful activities and artificially inflated prices for Fragrance Products. Defendants owed a duty to disclose such facts, and Defendants breached that duty by their silence. Defendants misrepresented to all purchasers during the Class Period that Defendants' Fragrance Product prices were competitive and fair. During the Class Period, Defendants' illegal conduct had a substantial effect on Vermont commerce and consumers. As a direct and proximate result of Defendants' violations of law, Plaintiff and members of the Damages Class suffered an ascertainable loss of money or property as a result of Defendants' use or employment of unconscionable and deceptive commercial practices as set forth above. That loss was caused by Defendants' willful and deceptive conduct, as described herein. Defendants' deception, including their affirmative misrepresentations and omissions concerning the price of Fragrance Products, likely misled all commercial and institutional indirect purchasers acting reasonably under the circumstances to believe that they were purchasing Fragrance Products at prices set by a free and fair market. Defendants' misleading conduct and unconscionable activities constitutes unfair competition or unfair or deceptive acts or practices in violation of 9 Vermont § 2451, *et seq*., and, accordingly, Plaintiff and members of the Damages Class seek all relief available under that statute.

130. **Wisconsin:** Defendants have engaged in unfair competition or unfair, unconscionable, or deceptive acts or practices in violation of the Wisconsin Consumer Protection Statutes, Wisc. Stat. § 100.18, *et seq*. Defendants agreed to, and did in fact, act in restraint of trade

or commerce in a market that includes Wisconsin, by affecting, fixing, controlling, and/or maintaining, at artificial and non-competitive levels, the prices at which Fragrance Product were sold, distributed, or obtained in Wisconsin. Defendants affirmatively misrepresented to all purchasers during the Class Period that Defendants' Fragrance Product prices were competitive and fair. Defendants' unlawful conduct had the following effects: (1) price competition for the Fragrance Products was restrained, suppressed, and eliminated throughout Wisconsin; (2) Fragrance Product prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Wisconsin. Defendants' illegal conduct substantially affected Wisconsin commerce and purchasers of Fragrance Products. As a direct and proximate result of Defendants' violations of law, Plaintiff and members of the Damages Class suffered an ascertainable loss of money or property as a result of Defendants' use or employment of unconscionable and deceptive commercial practices as set forth above. That loss was caused by Defendants' willful and deceptive conduct, as described herein. Defendants' deception, including their affirmative misrepresentations concerning the price of Fragrance Products at issue, misled all purchasers acting reasonably under the circumstances to believe that they were purchasing Fragrance Products at prices set by a free and fair market. Defendants' affirmative misrepresentations constitute information important to Plaintiff and members of the Damages Class as they related to the cost of Fragrance Products they purchased. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wisc. Stat. §100.18, *et seq*., and, accordingly, Plaintiff and members of the Damages Class seek all relief available under that statute.

## COUNT IV

### Unjust Enrichment[2]

131.    Plaintiff incorporates by reference the allegations set forth above as if fully set forth herein.

132.    To the extent required, this claim is pleaded in the alternative to the other claims in this Complaint.

133.    Defendants have unlawfully benefited from their sales of Fragrance Products because of the unlawful and inequitable acts alleged in this Complaint. Defendants unlawfully overcharged privately held commercial and institutional indirect purchasers, which purchased Fragrance Products at prices that were higher than they would have been but for Defendants' unlawful actions.

134.    Defendants' financial benefits resulting from their unlawful and inequitable acts are traceable to overpayments by Plaintiff and members of the Damages Class.

135.    Plaintiff and the Damages Class have conferred upon Defendants an economic benefit, in the nature of profits resulting from unlawful overcharges, to the economic detriment of Plaintiff and the Damages Class.

136.    Defendants have been enriched by revenue resulting from unlawful overcharges for Fragrance Products while Plaintiff and members of the Damages Class has been impoverished by the overcharges they paid for Fragrance Products imposed through Defendants' unlawful conduct.

---

[2] Unjust enrichment claims are alleged herein under the laws of the following states: Arkansas, Arizona, California, District of Columbia, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Mexico, New York, North Carolina, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin.

Defendants' enrichment and the impoverishment of Plaintiff and members of the Damages Class are connected.

137.     The benefits conferred upon Defendants are measurable, in that the revenue Defendants have earned due to their unlawful overcharges of Fragrance Products are ascertainable by review of sales records.

138.     Defendants are aware of and appreciate the benefits bestowed upon them by Plaintiff and the Damages Class. Defendants consciously accepted the benefits.

139.     Defendants should be compelled to disgorge in a common fund for the benefit of Plaintiff and the Damages Class all unlawful or inequitable proceeds they received from their sales of Fragrance Products.

140.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Defendants traceable to indirect purchases of Fragrance Products by Plaintiff and the Damages Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, prays for judgment against Defendants as to each count, including:

141.     The unlawful conduct, conspiracy or combination alleged herein be adjudged and decreed: (a) an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act; (b) a per se violation of Section 1 of the Sherman Act; (c) an unlawful combination, trust, agreement, understanding and/or concert of action in violation of the state antitrust and unfair competition and consumer protection laws as set forth herein; or, alternatively, (d) acts of unjust enrichment by Defendants as set forth herein.

142.   Plaintiff and the Class recover damages, to the maximum extent allowed under the applicable state laws, and that a joint and several judgments in favor of plaintiff and the members of the Damages Class be entered against Defendants in an amount to be trebled to the extent such laws permit;

143.   Plaintiff and members of the Damages Class recover damages, to the maximum extent allowed by such laws, in the form of restitution and/or disgorgement of profits unlawfully obtained;

144.   Plaintiff and members of the Damages Class be awarded restitution, including disgorgement of profits Defendants obtained as a result of their acts of unfair competition and acts of unjust enrichment, and the Court establish of a constructive trust consisting of all ill-gotten gains from which Plaintiff and members of the Damages Class may make claims on a pro rata basis;

145.   Defendants, their affiliates, successors, transferees, assignees and other officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf or in concert with them, be permanently enjoined and restrained from in any manner continuing, maintaining or renewing the conduct, conspiracy, or combination alleged herein, or from entering into any other conspiracy or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect;

146.   Defendants, their affiliates, successors, transferees, assignees and other officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf or in concert with them, be permanently enjoined and restrained from in any manner

continuing, maintaining, or renewing the sharing of highly sensitive competitive information that permits individual identification of company's information;

147.    Plaintiff and the members of the Damages Class be awarded pre- and post-judgment interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this Complaint;

148.    Plaintiff and the members of the Classes recover their costs of suit, including reasonable attorneys' fees, as provided by law.

## DEMAND FOR TRIAL BY JURY

149.    Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated: June 13, 2023                    Respectfully submitted,


                                        By:   */s/ Blaine Finley*_____
                                        Blaine Finley
                                        Cody McCracken
                                        **CUNEO, GILBERT & LADUCA, LLP**
                                        4725 Wisconsin Ave., NW
                                        Suite 200
                                        Washington, DC 20016
                                        Telephone: (202) 789-3960
                                        bfinley@cuneolaw.com
                                        cmccracken@cuneolaw.com

                                        Jon A. Tostrud
                                        Anthony Carter
                                        **TOSTRUD LAW GROUP, P.C.**
                                        1925 Century Park East
                                        Suite 2100
                                        Los Angeles, CA 90067
                                        Phone: 310-278-2600
                                        Fax: 310-278-2640
                                        jtostrud@tostrudlaw.com
                                        acarter@tostrudlaw.com