## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: FRAGRANCE INDIRECT<br>PURCHASER ANTITRUST LITIGATION | :<br>: Civil Action No.: 23-3249 (WJM)(JSA)<br>:<br>:<br>:<br>:<br>:<br>: |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
TO APPOINT INTERIM LEAD COUNSEL, STEERING COMMITTEE, AND
LIAISON COUNSEL FOR INDIRECT PURCHASER PLAINTIFF CLASS**

---

**LITE DePALMA GREENBERG & AFANDOR, LLC**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Jdepalma@litedepalma.com

(Additional counsel on signature page)

959950.2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................iii

I.      INTRODUCTION......................................................................................... 1

II.     BACKGROUND............................................................................................ 2

III.    ARGUMENT ................................................................................................. 3

        A.      Appointing Interim Class Counsel for IPPs Is Appropriate and Necessary
                at This Time....................................................................................... 4

        B.      The Proposed IPP Leadership Structure Is the Product of Cooperative,
                Private Ordering ............................................................................... 5

        C.      The Proposed Leadership Group Have Conducted Significant Work
                Investigating Potential Claims and Advancing the Litigation ..................... 6

        D.      The Proposed Leadership Group Is Experienced, Knowledgeable, and Will
                Commit the Resources Necessary to Representing the Class ...................... 8

                1.      Blaine Finley and Cuneo Gilbert & LaDuca, LLP............................ 8

                2.      Michelle Looby and Gustafson Gluek PLLC.................................. 10

                3.      Jon Tostrud and Tostrud Law Group, PC ........................................ 13

                4.      Chris Le and BoiesBattin LLP ........................................................ 13

                5.      Joseph J. DePalma and Lite DePalma Greenberg & Afanador,
                        LLC .............................................................................................. 14

        E.      Moving Counsel Have Sufficient Resources to Advance the Litigation in a
                Timely Manner ................................................................................. 15

        F.      IPP Clients and Counsel Support this Motion............................................. 16

        G.      The Proposed Leadership Have Long Demonstrated Their Ability to Work
                Cooperatively, Professionally, and Respectfully with Each Other ............. 17

H.    The Proposed Leadership Structure for the IPPs Will Promote Efficiency ................................................................................ 17

V.    CONCLUSION ............................................................................. 18

## TABLE OF AUTHORITIES

*American Medical Collection Agency, Inc. Customer Data Security Breach Litigation,*
Docket No. 19-md-2904 .............................................................................. 14

*Beture v. Samsung Elecs. Am., Inc.,*
No. CV 17-5757 (SRC), 2018 WL 3159875 (D.N.J. Mar. 27, 2018) .................... 5

*Ehler v. IPEX, Inc.,*
No. 08-cv-02220-CMA-BNB, 2009 WL 1392075 (D. Colo. May 15, 2009) ........ 6

*Galicki v. New Jersey,*
CIV.A. 14-169 JLL, 2014 WL 4979499 (D.N.J. Oct. 6, 2014) ........................... 8

*Generic Pharmaceutical Pricing Antitrust Litigation, No.*
16-md-2724 (E.D. Pa.) ........................................................................ 10, 13, 15

*Hodges v. Bon Secours Health System,*
2016 WL 4447047 (D. Md. Aug. 24, 2016) ........................................................ 8

*In re Air Cargo Shipping,*
240 F.R.D. 56 (E.D.N.Y. 2006) .................................................................... 3, 16

*In re Automotive Parts Antitrust Litigation,*
12-md-02311 (E.D. Mich.) ............................................................................... 10

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.,*
258 F.R.D. 260 (S.D.N.Y. 2009) ........................................................................ 8

*In re Crude Oil Commodity Future Litig.,*
2012 WL 569195 (S.D.N.Y. February 14, 2012) ........................................... 8, 16

*In re Insulin Pricing Litig.,*
317-cv-699 (BRM) (LHG), 2020 WL 831552 (D.N.J. Feb. 20, 2020) ................. 8

*In re Interior Molded Doors Antitrust Litig.*
(E.D.V.A.), In re DPP Beef Antitrust Litig., No. 22-md-03031 (D. Minn.) ........ 11

*In re LIBOR-Based Financial Instruments Antitrust Litigation,*
Docket No. 1:11-md-02262 ............................................................................... 14

*In re Lidoderm Antitrust Litig.,*
No. 14-md-02521-WHO, 2017 WL 679367 (N.D. Cal. Feb. 21, 2017) ............... 6

*In re Liquid Aluminum Sulfate Antitrust Litig.*,
    No. 16-md-2687 (D.N.J.) ........................................................... 15

*In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*,
    No. ML 15-02668-BRO, 2016 WL 6693146 (C.D. Cal. May 23, 2016)............... 6

*In re New Jersey Tax Sale Certificates Antitrust Litig.*,
    750 Fed. Appx. 73 (3d Cir. 2018) ....................................... 15

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006) ................................. 8, 12

*In re Pork Antitrust Litig.*,
    No. CV 18-1776 (JRT/JFD), 2023 WL 2696497 (D. Minn. Mar. 29, 2023).. *passim*

*In re Zyprexa Prods. Liab. Litig.*,
    594 F.3d 113 (2d Cir. 2010) .......................................... 4

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
    31 F.4th 651 (9th Cir.) ........................................... 9

*Processed Eggs Products Antitrust Litigation*,
    No. 08-md-2002 (E.D. Pa.) (co-lead and liaison counsel) .................. 15

## RULES

Fed. R. Civ. P. 23...........................................................................3. 17-18

Fed. R. Civ. P. 23(g)..................................................................... 1, 3, 5

Fed. R. Civ. P. 23(g)(1)(A)............................................................... 3

Fed. R. Civ. P. 23(g)(2) ................................................................. 8

Fed. R. Civ. P. 23(g)(3)................................................................... 3

Indirect Purchaser Plaintiffs ("IPPs") Chautauqua Soap Company and Alexia Dahmes (d/b/a Alexia Viola Napa Valley) respectfully submit this memorandum supporting their motion under Rule 23(g) of the Federal Rules of Civil Procedure for the appointment of Blaine Finley of Cuneo Gilbert & LaDuca, LLP ("CGL") and Michelle Looby of Gustafson Gluek PLLC ("Gustafson Gluek"), as "Interim Class Counsel," Jon Tostrud of Tostrud Law Group, P.C. and Christopher Le of BoiesBattin LLP to an IPP-specific "Steering Committee," and Joseph J. DePalma of Lite DePalma Greenberg & Afanador, LLC ("Lite DePalma") as "Liaison Counsel" (altogether, "Moving Counsel").

## I.     INTRODUCTION

Courts appoint lead counsel to achieve efficiency and economy without jeopardizing fairness to the parties. MANUAL FOR COMPLEX LITIGATION § 10.221 (4th ed. 2004). The proposed IPP leadership possesses considerable experience representing indirect purchasers in complex antitrust class actions and will vigorously litigate the class's interests. Mr. Finley and Ms. Looby—and their respective firms—have successfully litigated numerous cases involving antitrust, securities, environmental, privacy, mass tort, consumer protection, and other complex areas of law and procedure. Moving Counsel have extensive experience litigating claims asserted by indirect purchasers and possess the resources necessary to vigorously prosecute this action and protect the class's interests. Moving Counsel's experience makes them "best able to represent" the interests of the putative class. *See* Fed. R. Civ. P. 23(g). Moving Counsel respectfully request they be appointed Interim Co-Lead counsel for the IPPs.

1

## II.     BACKGROUND

Defendants are the world's largest manufacturers of fragrance ingredients and compounds. In March 2023, competition authorities in the United States, Switzerland, United Kingdom, and European Union announced they were investigating Defendants for anticompetitive conduct with respect to fragrances and fragrance ingredients. Since those announcements, indirect purchasers have filed two class action complaints in this District against Defendants, asserting antitrust claims on behalf of a class of indirect purchasers of fragrances and fragrance ingredients. On June 16, 2023, Chautauqua Soap Company filed the first IPP complaint. Case No. 2:23-CV-03249, ECF No. 1. Alexia Dahmes (d/b/a Alexia Viola Napa Valley) filed the second IPP complaint June 20, 2023. Case No. 2:23-CV-03547, ECF No. 1.

Among the early tasks that will be aided by appointment of Interim Counsel are the filing of a consolidated IPP complaint, defending that complaint against Defendants' anticipated motions to dismiss, and negotiating pre-trial orders, such as a protective order and ESI protocol. Later on, IPP Interim Class Counsel will conduct fact and expert discovery, move for class certification, seek or defend against summary judgment, and try the case. All the while, Interim Class Counsel will be responsible for any potential settlements with one or more Defendants.

The preceding tasks will benefit from this leadership structure, and both the Court and Defendants will benefit from knowing one set of lawyers will represent all the Indirect Purchaser Plaintiffs and the putative class. Accordingly, counsel engaged in private

2

ordering, as encouraged by the Manual for Complex Litigation as discussed below, and reached a consensus view regarding the proposed leadership structure.

## III.   ARGUMENT

Federal Rule of Civil Procedure 23(g)(3) permits the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class." "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities ...." MANUAL § 21.11 (4th ed. 2004). When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See In re Air Cargo Shipping*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Rule 23 provides that the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

No single factor is determinative; all factors must be weighed to determine who can best represent the class. Advisory Committee Notes (2003 Amendments). The primary goal in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." Manual §10.221 (4th ed. 2004). Plaintiffs' proposed leadership satisfies all these requirements, as discussed in more detail below.

3

The Court may also adopt "special procedures for coordination of counsel early in the litigation." MANUAL § 10.22 (4th ed. 2004). The central goal in doing so is to achieve "efficiency and economy without jeopardizing fairness to the parties." *Id.* § 10.221. It also helps "avoid what otherwise might well become chaotic." *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 130 (2d Cir. 2010) (noting the establishment of a second plaintiffs' steering committee mid-case). In addition to lead counsel, a district court may appoint liaison counsel or committees of counsel. *Id.* "Committees of counsel," or "steering committees, coordinating committees, management committees, discovery committees, or trial teams" may be assigned to assist lead counsel with preparing briefs, conducting portions of the discovery, or other assigned tasks. *Id.*

### A.    Appointing Interim Class Counsel for IPPs Is Appropriate and Necessary at This Time.

The Court previously denied a direct purchaser plaintiff's request to appoint interim class counsel because such appointment was "unnecessary" at that time due to absence of "overlapping, duplicative or competing suits." Case No. 2:23-cv-02174, ECF No. 13. The Court noted that "[s]hould concerns listed in the Manual for Complex Litigation arise before this Court has certified a class, counsel may renew their request." *Id.* at 2. Since then, IPPs have filed two class action complaints on behalf of the same putative indirect purchaser class pending in this Court. These IPP complaints are in addition to the numerous complaints that have been filed by separate groups of direct purchaser plaintiffs.

Although under the organization of proposed leadership group, counsel for Plaintiffs have been working cooperatively to date to advance this litigation in an efficient way,

"appointment of interim class counsel at this time will ensure continued cooperation amongst said counsel throughout the pre-certification process, which will serve to protect the interests of the putative class during that time." *Beture v. Samsung Elecs. Am., Inc.*, No. CV 17-5757 (SRC), 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018). Appointing Interim IPP Class Counsel is appropriate and necessary to prevent inefficiencies and ensure the counsel for the putative indirect purchaser class speak with a unified voice.

**B.     The Proposed IPP Leadership Structure Is the Product of Cooperative, Private Ordering.**

The proposed interim leadership structure is the product of private ordering, which is a common means of selecting class counsel, and which is encouraged in the organization of class counsel. See MANUAL § 21.272 (4th ed. 2004) ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class under Rule 23(g)."); §10.22 ("In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged."). This application reflects the considered consensus of all counsel for Plaintiffs in the two related IPP class action complaints.

IPPs allege an anticompetitive conspiracy against the four largest fragrance manufacturers in the world (which included naming defendants as multiple separate business entities for each), many of which are headquartered in foreign countries. Defendants have retained experienced and capable antitrust counsel backed by top defense firms who will vigorously defend the case at every stage. Given the size and complexity of this matter, to best represent the interest of the putative indirect purchaser class, IPPs

believe a two-firm interim co-lead counsel structure along with a two-firm IPP-specific steering committee and liaison counsel is warranted. Indirect purchaser actions, such as this one, require not only proving the antitrust conspiracy and class issues, but also pass-through of the overcharge from the direct to indirect purchasers.  Such pass-through discovery typically requires extensive third-party discovery, which will benefit from the proposed leadership structure with co-lead counsel supported by an IPP-specific steering committee. To that end, IPPs' counsel worked diligently to reach agreement on a leadership structure that will allow for the efficient utilization of all of the various talents and resources they can bring to bear. Courts routinely appoint multi-firm structures, particularly in complex cases where the firms had engaged in extensive private ordering, as here. *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2017 WL 679367, at *27 (N.D. Cal. Feb. 21, 2017) (three co-lead counsel, liaison counsel, and five-firm executive committee); *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, No. ML 15-02668-BRO, 2016 WL 6693146, at *4 (C.D. Cal. May 23, 2016) (four co-lead counsel, five committee members); and *Ehler v. IPEX, Inc.*, No. 08-cv-02220-CMA-BNB, 2009 WL 1392075, at *2 (D. Colo. May 15, 2009) (five co-lead counsel).

### C.    The Proposed Leadership Group Have Conducted Significant Work Investigating Potential Claims and Advancing the Litigation.

Moving Counsel invested significant time and resources into this litigation, before drafting and filing the complaints in the IPP actions, including, among other things: conducting an investigation before drafting and filing the complaints in the IPP actions. Such investigation included, among other things: investigation of the fragrances market;

analyzing the defendants' fragrance products, including their chemical composition; analyzing the market structure and how such goods flow to the proposed indirect purchaser class; reviewing and analyzing defendants' public disclosures and statements; and analyzing and monitoring of the on-going government investigations. Since filing, Moving Counsel served a complaint on all domestic defendants; have taken steps toward initiating Hague service on the foreign defendants; coordinated with other IPP counsel when they filed a new complaint; created an expense fund for litigation costs; and consulted with experts who will be necessary for both class certification and merits issues in this litigation. Moving Counsel are committed to efficiently running this litigation and to that end have created a time and expense protocol, which includes caps for certain tasks such as document review and are amenable to providing the Court with *in camera* submission of time records whenever the Court would like. Further, consistent with Local Rule of Civil Procedure 7.1.1, Moving Counsel represent that their case is not being underwritten by litigation funders, and therefore, they are not beholden to any outside interest.

As encouraged by the MANUAL FOR COMPLEX LITIGATION §10.22 (4th ed. 2004), the proposed leadership group also coordinated to move the case forward, including by: (1) continuing investigating the fragrance industry and following the on-going regulatory investigations; (2) organizing and leading conferences among plaintiffs' counsel regarding case management; and (3) drafting a consolidated IPP complaint. These efforts weigh strongly in favor of this application.

**D.     The Proposed Leadership Group Is Experienced, Knowledgeable, and Will Commit the Resources Necessary to Representing the Class.**

An applicant's experience and knowledge of the subject matter of a class action lawsuit is often the determining factor in lead counsel appointments. *See, e.g.*, *In re Crude Oil Commodity Future Litig.*, 2012 WL 569195, at * 2 (S.D.N.Y. February 14, 2012); *see also Hodges v. Bon Secours Health System*, 2016 WL 4447047 at * 2 (D. Md. Aug. 24, 2016) (appointing as co-lead counsel two firms that "have the most experience litigating this complicated issue . . ."); *see In re Insulin Pricing Litig.*, 317-cv-699 (BRM) (LHG), 2020 WL 831552 (D.N.J. Feb. 20, 2020); *see Galicki v. New Jersey*, CIV.A. 14-169 JLL, 2014 WL 4979499 (D.N.J. Oct. 6, 2014). Ultimately, the court's task in deciding these motions is "to protect the interests of the plaintiffs, not their lawyers." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *4 (E.D.N.Y. Feb. 24, 2006). The Court must appoint the "applicant 'best able to represent the interests of the class.'" *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (quoting Fed. R. Civ. P. 23(g)(2)).

Moving Counsels' antitrust experience—and particularly the experience representing indirect purchaser plaintiff classes like the IPPs—makes them well-suited to serve as Interim Co-Lead Counsel.

**1.     Blaine Finley and Cuneo Gilbert & LaDuca, LLP**

Mr. Finley and his law firm possess deep antitrust litigation experience. CGL has successfully led multidistrict litigation and demonstrated the ability to organize and manage large litigation cooperatively with counsel for all involved parties. Other federal

courts have recognized as much by appointing CGL attorneys to leadership positions in other MDLs and class actions.

Mr. Finley and his firm serve as co-lead counsel and liaison counsel for a certified class of Commercial and Institutional Indirect Purchaser Plaintiffs in *In re Pork Antitrust Litig.*, MDL No. 2998 (D. Minn.). CGL's experience in *Pork Antitrust* is directly applicable to the claims and issues present for the IPP class in this litigation. Mr. Finley recently argued his group's successful motion for class certification on behalf of a class of commercial indirect purchasers in the matter. *See In re Pork Antitrust Litig.*, No. CV 18-1776 (JRT/JFD), 2023 WL 2696497 (D. Minn. Mar. 29, 2023). Mr. Finley has also been appointed as Settlement Class Counsel for the commercial indirect purchasers in *In re Turkey Antitrust Litigation*. *See* ECF No. 196, Case No. 1:20-cv-02295 (N.D. Ill. July 28, 2021).

CGL also serves as lead counsel for a certified class of commercial indirect purchasers in *In re Packaged Seafood Products Antitrust Litigation*, MDL No. 2670 (S.D. Cal.). Mr. Finley worked extensively in litigating the commercial indirect purchasers' motion for class certification and corresponding expert witness testimony. The district court in *Packaged Seafood* issued an order granting a first-of-its-kind certification of a class of commercial indirect purchasers, which was ultimately affirmed on appeal by the Ninth Circuit sitting *en banc*. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir.), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop., Inc., On Behalf of Itself & All Others Similarly Situated*, 214 L. Ed. 2d 233, 143 S. Ct. 424 (2022).

CGL has served as interim co-lead counsel for a class composed of automobile dealerships in *In re Automotive Parts Antitrust Litigation*, 12-md-02311 (E.D. Mich.), which arose from the largest antitrust conspiracy in history. In that litigation, CGL represented dozens of named representative automobile dealerships, representing classes of purchasers in 30 jurisdictions, alleging a more than decade-long conspiracy, by over 70 defendant families, to fix the prices of more than 45 different automotive parts, found in a variety of American, Japanese, and German vehicles. Under the leadership of CGL and co-lead counsel, automobile dealership plaintiffs and class members have recovered over $400 million in settlements.

CGL leads other antitrust actions on behalf of commercial indirect purchasers, including *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.) (representing a putative class of indirect purchaser pharmacies bringing indirect purchaser actions against drug manufacturers). CGL has achieved success for clients in a wide range of class actions and complex litigation, for example by working to recover hundreds of millions of dollars for homeowners with defective construction materials.[1] *See also* CGL's firm resume attached as Exhibit 1 to the Declaration of Joseph J. DePalma Declaration dated August 11, 2023 (hereinafter "DePalma Declaration").

### 2. Michelle Looby and Gustafson Gluek PLLC

Gustafon Gluek's practice is focused almost exclusively on plaintiff-side complex class actions cases, with an emphasis on antitrust litigation. Since its founding in 2003,

---

[1] *In re Certainteed Corporation Roofing Shingles Products Liability Litigation*, MDL 1817 (E.D. Pa.).

Gustafson Gluek has worked with and opposed some of the nation's largest companies and law firms, obtaining multi-million-dollar victories and critical injunctive relief for millions of class members. *See, e.g., In re Syngenta Litig.*, No. 27-CV-15-3785 (Minn. Dist. Ct.) (MN) (MDL 2591) (co-lead counsel in state court action representing a class of Minnesota corn farmers and one of four counsel selected as settlement counsel resulting in a proposed settlement of $1.51 billion); *Precision Associates v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 JG VVP (E.D.N.Y.) (co-lead counsel in international antitrust class action recovering over $400 million for the class); *In Re: Medtronic, Inc.*, *Sprint Fidelis Leads Prods. Liab. Litig.*, MDL No. 1905 (D. Minn.) (as sole lead counsel, negotiated $268 million settlement on behalf of over 14,000 individual plaintiffs). Gustafson Gluek also has extensive experience representing indirect purchasers in antitrust class actions, including currently serving as Co-Lead Counsel representing a class of commercial indirect purchasers in *In re Broiler Chicken Antitrust Litig.* (N.D. Illinois) and a class of consumer indirect purchasers in *In re Pork Antitrust Litig* (D. Minn.).

Ms. Looby has been appointed Co-Lead Counsel in multiple antitrust class actions, including: *In re Interior Molded Doors Antitrust Litig.* (E.D.V.A.), *In re DPP Beef Antitrust Litig.*, No. 22-md-03031 (D. Minn.), and *In re Surescripts Antitrust Litig.,* No. 19-cv-06627 (N.D. Illinois), in addition to having served in leadership roles in multiple others. Ms. Looby has been nationally recognized for her antitrust work receiving the American Antitrust Institute's ("AAI") award for Outstanding Antitrust Litigation Achievement by a Young Lawyer in 2015, AAI's award for Outstanding Antitrust Litigation Achievement in Private Law Practice in 2022, and being named a Minnesota

Attorney of the Year in 2022 (along with Mr. Stewart) for their work on a novel antitrust case that led to a settlement securing a spot on the roster for the youngest player in National Women's Soccer League history at the time. In addition, she has been selected by *Super Lawyers* as a Minnesota "Super Lawyer" from 2021-2023 and a "Rising Star" from 2014-2020.

In addition, Daniel Hedlund and Dennis Stewart will also be part of the team leading this case. Mr. Hedlund co-chairs the firm's antitrust group with Ms. Looby, has served as co-lead counsel in numerous class actions, and been recognized both nationally and locally as a top antitrust attorney. Mr. Hedlund is also very active in the Federal Bar Association having recently served as the President for the Minnesota Chapter and Co-Vice President for the Eighth Circuit. He is a frequent speaker on antitrust issues and has testified multiple times before the Minnesota legislature on competition law. Mr. Stewart brings more than three decades of antitrust and trial experience to this case. After serving as a trial attorney in the Antitrust Division of the United States Department of Justice where he participated in investigations and trials involving criminal antitrust violations, he went on to lead numerous civil antitrust and other complex class action lawsuits, including through trial. He is currently serving in the leadership in *In re Payment Card Interchanged Fee and Merchant Discount Antitrust Litig.* (E.D.N.Y.)*, where plaintiffs reached settlements totaling more than $6 billion.

Gustafson Gluek has the necessary experience and resources needed to successfully lead this complex class action case. *See also* Gustafson Gluek's firm resume attached as Exhibit 2 to the DePalma Declaration.

### 3. Jon Tostrud and Tostrud Law Group, PC

Tostrud Law Group, P.C. is experienced in class and collective action litigation, with co-founding partner Jon Tostrud possessing 24 years of experience in the field. TLG has been appointed lead counsel in *Small v. UMC*, 2:13-cv-00298 APG-PAL (D. Nev.). TLG currently serves on the Plaintiffs' Steering Committee in *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.). Mr. Tostrud served as Co-Lead Counsel for a class of taxpayers residing in the City of Los Angeles who paid taxes for gas services that were improperly collected by the City. Engquist, et al. v. City of Los Angeles, No. BC591331, Superior Court of California, County of Los Angeles (negotiated $32.5 million settlement on behalf of class). TLG has also worked with a variety of other firms in prosecuting *In re Lithium-Ion Batteries Antitrust Litig.*, MDL No. 2420 (N.D. Cal.). TLG also serves on the Plaintiffs' Steering Committee in *In Re Pork Antitrust Litig.*, MDL No. 2998 (D. Minn.) and *In re Cattle and Beef Antitrust Litig.*, MDL No. 1319 (D. Minn.). *See also* Tostrud Law Group's firm resume attached as Exhibit 3 to the DePalma Declaration.

### 4. Chris Le and BoiesBattin LLP

Since its founding in 1995, BoiesBattin LLP has represented classes of plaintiffs in some of the largest antitrust and consumer protection cases. The firm has helped successfully recover over a billion dollars for class members across a broad variety of industries including: healthcare, food, vitamins, electronic components, and insurance products.

Mr. Le has been with BoiesBattin for over 15 years.  During that time, Mr. Le and his law firm have served in leadership positions in numerous different complex cases, including *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486; the Northwestern Mutual Life Insurance Company annuity litigation (*LaPlant v. Northwestern Mutual Life Insurance Co.*, No. 11-00910 (E. D. Wis.); *In Re: Cathode Ray Tube (CRT) Antitrust Litig.,* MDL No. 1917; *In re Vitamin C Antitrust Litig.*, MDL No. 1738; *In Re: Lithium-Ion Batteries Antitrust Litig.*, MDL No. 2420; *In re Processed Egg Products Antitrust Litig*., MDL No. 2002; and *In Re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827. *See also* BoiesBattin's firm resume attached as Exhibit 4 to the DePalma Declaration.

### 5.    Joseph J. DePalma and Lite DePalma Greenberg & Afanador, LLC

Lite DePalma has a vast breadth of experience in many types of class action cases involving antitrust, securities, product liability, and consumer fraud. Lite DePalma's Managing Member, Joseph DePalma, has been appointed co-lead counsel in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, Docket No. 1:11-md-02262, served as liaison counsel in *In re: Ductile Iron Pipe Fittings Antitrust Litigation*, Docket No. No. 12-711 (AET)(LHG), and currently serves as an executive committee member in *In re: Vascepa Antitrust Litigation Indirect Purchaser Plaintiffs*, Docket No. 21-12061 (ZNQ)(LHG). Mr. DePalma also currently is involved in the following class actions in the District of New Jersey:  *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, Docket No. 19-md-2904 (co-lead counsel), *Mendez v. Avis*

*Budget Group, Inc.*, Docket No. 2:2011-cv-06537 (co-lead counsel, recently settled), and *BCR Carpentry LLC v. FCA US LLC*, 3:21-cv-19364-GC-DEA (liaison counsel).

Lite DePalma has also served as co-lead counsel, liaison counsel or an executive committee member in multiple plaintiff class action antitrust matters, including: *In re New Jersey Tax Sale Certificates Antitrust Litig.*, 750 Fed. Appx. 73 (3d Cir. 2018) (affirming settlements with nearly 20 defendants worth over $10 million); *In re Insurance Brokerage Antitrust Litig.*, MDL No. 1663, No. 04-5184 (FSH) (D.N.J.) (settlements totaling over $200 million); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687(JLL)(JAD) (D.N.J.) (settlements totaling over $65 million); *In re: Processed Eggs Products Antitrust Litigation*, No. 08-md-2002 (E.D. Pa.) (co-lead and liaison counsel); *In re: Generic Pharmaceutical Pricing Antitrust Litigation,* No. 16-md-2724 (E.D. Pa.) (steering committee); *In re Blue Cross Blue Shield Antitrust Litigation* (Subscribers), No. 13-cv-20000 (N.D. Ala.) (on appeal, trial plan committee); *In re Broiler Chicken Antitrust Litigation* (Direct Purchasers), No. 18-cv-8637 (N.D. Ill.) (trial team); *In re Wawa, Inc. Data Breach Litigation*, No. 19-cv-6019 (E.D. Pa.) (liaison counsel). *See also* LiteDePalma's firm resume attached as Exhibit 5 to the DePalma Declaration.

### E. Moving Counsel Have Sufficient Resources to Advance the Litigation in a Timely Manner.

Moving Counsel will commit the resources needed for this litigation during the entirety of its duration. Moving Counsel have enough attorneys supported by highly capable legal support staff to efficiently advance the IPPs' claims. Moving Counsel are well-established firms with the financial wherewithal to support the litigation. They have

led numerous other antitrust class actions, as well as other complex and resource-intensive litigations, and are knowledgeable about the resources necessary to adequately litigate this type of case. Moving Counsel have more than enough resources to prosecute this action and will devote those resources in a manner that best serves the interests of the class members.

**F.     IPP Clients and Counsel Support this Motion.**

The Court should also give significant weight to the views of the Chautauqua Soap Company, Alexia Dahmes (d/b/a Alexia Viola Napa Valley), and the law firms that represent these IPP named plaintiffs. All IPP named plaintiffs support this application and the proposed IPP leadership structure. That a "large number[ ] of experienced counsel are satisfied to be represented by" Moving Counsel "is some measure of the respect they command and the confidence of their peers that they will serve well in the role." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006). *See also In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 (selecting interim lead counsel applicants proposing "leadership structure proposed by plaintiffs in more than two-thirds of the related cases in this consolidated action[, because] the Court gives some weight to plaintiffs' 'self selection' of class counsel") (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, 2008 WL 1883447, at *2 (D.D.C. Apr. 28, 2008)).

### G.     The Proposed Leadership Have Long Demonstrated Their Ability to Work Cooperatively, Professionally, and Respectfully with Each Other.

The firms and attorneys have a proven track record of their ability and commitment to work cooperatively, professionally, and respectfully with each other in large, high-stakes antitrust actions. Moving Counsel have worked together productively and recovered significant compensation for plaintiffs in other antitrust matters. For example, CGL and Gustafson Gluek have worked collaboratively representing different groups of class action claimants in *In re Pork Antitrust Litig.,* MDL No. 2998 (D. Minn.) as well as in *In re Cattle and Beef Antitrust Litig.*, MDL No. 1319 (D. Minn.).

### H.     The Proposed Leadership Structure for the IPPs Will Promote Efficiency.

Moving Counsel will avoid the tendency to "make work" and will engage the right attorneys with the right experience, as needed. Handling the litigation this way provides a safeguard against excessive common benefit fee requests. Moving Counsel has already developed a time and expense reporting protocol, which would require all timekeeping firms to record time concurrently and report that time monthly to lead counsel. The protocol allows lead counsel to audit duplicative and administrative time, among other means of ensuring all efforts are focused on prosecuting the case in a coordinated fashion. As such, the IPP leadership structure proposed in this application will avoid unnecessary bureaucracy and duplication of effort. This serves the purpose of the Rule 23 Committee

959950.2

Note, which warns of "the risk of overstaffing or an ungainly counsel structure."[2] Moving Counsel have track records of working well together, while working efficiently to achieve excellent results for indirect purchaser plaintiffs. They are supported by both named plaintiffs and their law firms.

## V.     CONCLUSION

IPPs respectfully request that the Court enter an order appointing Blaine Finley of Cuneo Gilbert & LaDuca, LLP and Michelle Looby of Gustafson Gluek, PLLC as Interim Class Co-Counsel, Jon Tostrud of Tostrud Law Group, P.C. and Christopher Le of BoiesBattin LLP to an IPP-specific Plaintiff's Steering Committee, and Joseph J. DePalma of Lite DePalma Greenberg & Afanador, LLC as IPP Liaison Counsel.

Dated: August 11, 2023

**LITE DePALMA GREENBERG & AFANDOR, LLC**

By:   */s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Jdepalma@litedepalma.com

**CUNEO GILBERT & LADUCA, LLP**
Blaine Finley
Cody McCracken (*pro hac vice*)
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
bfinley@cuneolaw.com
cmccracken@cuneolaw.com

---

[2] The Manual for Complex Litigation also cautions against the appointment of too many firms to lead or litigate a matter and that "the number should not be so large as to defeat the purpose of making such appointments." MANUAL FOR COMPLEX LITIGATION § 20.221 (3d ed. 1995).

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson (*pro hac vice pending*)
Daniel C. Hedlund (*pro hac vice pending*)
Michelle J. Looby (*pro hac vice pending*)
Canadian Pacific Plaza
120 Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
mlooby@gustasongluek.com

**GUSTAFSON GLUEK PLLC**
Dennis J. Stewart (*pro hac vice pending*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 595-3299
Fax: (612) 339-6622
dstewart@gustafsongluek.com

**TOSTRUD LAW GROUP, P.C.**
Jon A. Tostrud (*pro hac vice*)
Anthony Carter (*pro hac vice*)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Phone: 310-278-2600
Fax: 310-278-2640
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

**BOIESBATTIN LLP**
Timothy D. Battin (*pro hac vice pending*)
Christopher V. Le (*pro hac vice pending*)
4041 University Drive, 5th Floor
Fairfax, VA 22030
Tel: (703) 764-8700
tbattin@boiesbattin.com
cle@boiesbattin.com

959950.2

19

**ZIMMERMAN REED LLP**
David M. Cialkowski (*pro hac vice pending*)
June P. Hoidal (*pro hac vice pending*)
Ian F. McFarland (*pro hac vice pending*)
1100 IDS Center 80 S. 8th St.
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
david.cialkowski@zimmreed.com
june.hoidal@zimmreed.com
ian.mcfarland@zimmreed.com

*Counsel for Indirect Purchaser Plaintiffs
Chautauqua Soap Company and Alexia Dahmes
(d/b/a Alexia Viola Napa Valley)*