

## CARELLA BYRNE CECCHI BRODY AGNELLO, P.C.

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
11/21/33 – 11/4/23

DONALD F. MICELI
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

OF COUNSEL
PETER G. STEWART
CARL R. WOODWARD, III
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY
NESLIHAN Z. TALU

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL
ATTORNEY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY

March 31, 2026

**<u>VIA ECF</u>**

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re:  *In re Fragrance Direct Purchaser Antitrust Litig.*, Civil Action No. 23-02174
> *In re Fragrance Indirect Purchaser Antitrust Litig.*, Civil Action No. 23-03249
> <u>*In re Fragrance End-User Plaintiff Antitrust Litig.*</u>, Civil Action No. 23-16127

Dear Judge Allen:

Direct Purchaser, Indirect, and End-User Plaintiffs ("Plaintiffs") and Defendants[1] in the above-referenced matters write jointly pursuant to Your Honor's March 3, 2026 Order, directing the parties to submit an amended scheduling order. ECF No. 265.[2] The parties have met and conferred and have been unable to reach agreement regarding an amended schedule. Accordingly, they respectfully submit alternative schedules. *See* Exs. A (Plaintiffs' Schedule) and B (Defendants' Schedule). Their respective positions are set forth below.[3]

---

[1] As used below, the Foreign Defendants are DSM-Firmenich, Firmenich International SA, Givaudan SA, and Symrise AG. The Domestic Defendants are Givaudan Fragrances Corp., Ungerer & Company, Inc., Custom Essence LLC, Firmenich SA, Firmenich Inc., Symrise Inc., and Symrise US LLC.

[2] All citations are to the Direct Purchaser action, No. 23-02174. Parallel citations to the other actions are omitted.

[3] Defendant IFF takes no position on the scheduling proposals for the DPP and EUP actions.

March 31, 2026
Page 2

**Plaintiffs' Position**: Pursuant to Plaintiffs' 18-month discovery schedule, the parties proceed with jurisdictional and merits discovery simultaneously, followed by amended complaints and renewed 12(b)(2) motions, if any, and then a single round of expert disclosures. This is more efficient than Defendants' 39-month schedule, which bifurcates jurisdictional and merits discovery as well as class and merits expert reports.

Judge Martini denied the Rule 12(b)(6) motions as to all Defendants and the Rule 12(b)(2) motions as to the Foreign Defendants. ECF Nos. 185, 186, 187. None of these rulings stayed merits discovery pending jurisdictional discovery. *Id.* While Plaintiffs agreed at the time to proceed with jurisdictional discovery, they did so to avoid interfering with the investigation of the Department of Justice ("DOJ"). However, it soon became apparent during the parties' meet and confers that the discovery sought was inextricably intertwined with the merits, *see* ECF No. 220, leading the DOJ to intervene and seek a near total stay of discovery. ECF Nos. 230, 260-61.

The stay has expired, and the DOJ has closed its investigation. Thus, the concerns animating merits discovery no longer apply. The parties encountered disputes about what counts as jurisdictional versus merits discovery, creating significant inefficiencies. Since the Rule 12(b)(2) briefing and ruling, the Supreme Court upended the jurisdictional analysis by declining to import the Fourteenth Amendment's "minimum contacts" requirement into the Fifth Amendment inquiry, which governs the inquiry here. *Fuld v. Palestinian Liberation Organization*, 606 U.S. 1, 16 (2025). The Fifth Amendment's "more flexible" jurisdictional inquiry is satisfied where, as here, the federal statute giving rise to jurisdiction ties that grant of authority "to conduct closely related to the United States that implicates" U.S. interests. *Id*. at 18. Moreover, one of the Foreign Defendants (Givaudan) has informed Plaintiffs that it does not intend to file a renewed Rule 12(b)(2) motion. Also, Firmenich disclosed that a foreign entity Plaintiffs failed to name had

March 31, 2026
Page 3

contacts with the U.S. such that there will be no need for a renewed 12(b)(2) motion should that entity be substituted for the current foreign Firmenich Defendants. Thus, there is no reason why merits discovery of all Defendants should be further delayed for "jurisdictional" discovery.

Finally, the bifurcation of class and merits discovery, including the bifurcation of class and merits expert discovery proposed by Defendants, is "particularly disfavored" since the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). *Wesley v. Samsung Elecs. Am., Inc.*, No. CV 20-18629-JMV-AME, 2022 WL 2870200, at *2 (D.N.J. July 21, 2022) (citing cases); *In re Deere & Co. Repair Servs. Antitrust Litig.*, No. 22-cv-50188, ECF No. 107 at 1 (N.D. Ill. Dec. 28, 2022) ("bifurcating class certification and merits expert discovery is a fool's errand, only leading to inefficiencies and delay, which then snowballs into increased costs").

**Defendants' Position**: There is no reason to deviate from the prior schedule structure, which ordered completion of jurisdictional discovery and renewed Rule 12(b)(2) motions before commencement of merits discovery. ECF No. 193. The DOJ has withdrawn from these actions after closing its 3-year investigation without taking action against any Defendant, and the stay has expired as a result. ECF Nos. 260–61. The prior schedule structure remains the most efficient procedure for case management, and Plaintiffs have provided no compelling reason to depart from it. Defendants challenging personal jurisdiction should not be subjected to costly and protracted merits discovery because "full discovery [before personal jurisdiction is established] undermines due process considerations." *In re FTX Trading Ltd.,* 669 B.R. 575, 577–78 (Bankr. D. Del. 2025). It would also be highly inefficient to move forward with merits discovery as to some, but not all, parties, as it would result in multiple discovery tracks. *Cf. Codrington v. Steadfast Ins. Co.*, 2023 WL 2329440, at *7 (D.V.I. Mar. 2, 2023). Plaintiffs' argument about the relevant jurisdictional

March 31, 2026
Page 4

analysis goes to the merits of the dispute and has no bearing on the appropriate case schedule.[4] A new purported class of purchasers also recently filed a complaint. *See Fields v. DSM-Firmenich AG, et al.*, No. 26-00852 (D.N.J. Jan. 27, 2026), ECF No. 1. Defendants' proposed schedule allows jurisdictional discovery to proceed—including with respect to the new plaintiff group—while the parties brief a motion to dismiss the new complaint. Should the new purported class survive dismissal, Defendants' proposed schedule would put all cases on a single track for merits discovery, maximizing efficiencies given that the substantive antitrust allegations are largely identical across all class complaints.

Defendants also submit that class certification should be adjudicated before the parties engage in costly merits expert discovery. Courts in this circuit bifurcate class certification from merits discovery where bifurcation "serves the interests of 'fairness and efficiency.'" *Conner v. Perdue Farms, Inc.*, 2013 WL 5977361, at *3 (D.N.J. Nov. 7, 2013) (citation omitted). A fair and efficient schedule would allow the parties to complete fact and class certification expert discovery, and the Court to decide whether these cases can proceed as class actions, before engaging in merits expert discovery. This will allow the parties to avoid incurring the substantial costs of merits expert discovery until after the Court's class certification decisions, which will have a substantial impact

---

[4] Additionally, Plaintiffs' reliance on *Fuld* is misplaced because that case, which narrowly assessed federal jurisdiction under a specific anti-terrorism statute and expressly avoided opining on jurisdiction generally over foreign defendants, does not dispose of the minimum contacts requirement to establish personal jurisdiction in antitrust actions. 606 U.S. at 18–19. Courts in this circuit have since reached the same conclusion. *See, e.g.*, *In re Diisocyanates Antitrust Litig.*, 2026 WL 233978, *4 (W.D. Pa. Jan. 29, 2026) ("This Court's reading of *Fuld* . . . does not alter the view that some showing of minimum contacts and purposeful availment with the United States remains necessary to establish personal jurisdiction in federal antitrust cases"), *adhered to on reconsideration*, 2026 WL 522845 (W.D. Pa. Feb. 25, 2026).

March 31, 2026
Page  5

on further proceedings and, if denied, could effectively end the litigation. *See* Manual for Complex

Litig., Fourth, § 11.213.

*     *     *

We thank Your Honor for the Court's continued attention to this matter and we look

forward to seeing Your Honor at the case management conference on April 7, 2026.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ *James E. Cecchi*

JAMES E. CECCHI

cc:  All counsel of record (ECF)

# EXHIBIT A

Plaintiffs' Proposed Case Schedule

| Event | Proposed Deadline |
|---|---|
| Exchange of Rule 26(a)(1) disclosures | April 14, 2026 |
| Initial Requests for Production of Documents and Structured Data | April 14, 2026 |
| IPPs to File Amended Complaint Adding Plaintiffs | April 14, 2026 |
| Substantial Completion of Production of Documents and Structured Data in Response to the Initial RFPs | October 16, 2026 |
| Close of Fact Discovery | June 18, 2027 |
| Amended Complaints | June 25, 2027 |
| Renewed 12(b)(2) Motions | Motions: August 3, 2027<br>Oppositions: September 17, 2027<br>Replies: October 18, 2027 |
| Exchange of Expert Reports | Plaintiffs serve opening expert reports: August 3, 2027<br>Defendants serve responsive expert reports: September 17, 2027<br>Plaintiffs serve rebuttal expert reports: October 18, 2027 |
| Close of Expert Discovery[1] | November 17, 2027 |
| Daubert Motions | Motions: December 1, 2027<br>Oppositions: December 15, 2027<br>Replies: December 22, 2027 |
| Class Certification Motions | Plaintiffs' Motions: February 7, 2028<br>Defendants' Oppositions: March 23, 2028<br>Plaintiffs' Replies: April 24, 2028 |
| Dispositive Motions | Motions: 45 days after the Court ruling on Plaintiffs' Class Certification Motions<br>Oppositions: 45 days after the filling of the Motions<br>Replies: 30 days after the filling of the oppositions |

---

[1] All expert depositions must be completed before the close of expert discovery. Defendants may depose Plaintiffs' expert either after the expert's opening report or after the submission of their rebuttal report, but not both.

# EXHIBIT B

**Defendants' Proposed Case Schedule**

| Jurisdictional Discovery | |
|---|---|
| **Event** | **Proposed Deadline** |
| Deadline to conclude meet and confer process with respect to jurisdictional discovery pursuant to Local Civil Rule 37.1(a)(1) | April 29, 2026 |
| Should informal meet and confer efforts fail to resolve any jurisdictional discovery disputes, the parties shall submit a letter, not to exceed three (3) double spaced pages, that sets forth the specific nature of the dispute and what good faith attempts were made to informally resolve the dispute | May 13, 2026 |
| Substantial completion deadline for production of all agreed upon jurisdictional discovery | July 15, 2026 |
| Deadline for completion of production of all jurisdictional discovery. The Court will conduct a status conference on a date to be scheduled by the Court | August 3, 2026 |
| Deadline to produce witnesses for deposition with respect to jurisdictional discovery | September 16, 2026 |
| Deadline for all 3 tracks to file amended complaints to include jurisdictional allegations and/or for IPPs to File Amended Complaint Adding Plaintiffs[1] | September 30, 2026 |
| **Responses to Amended Pleadings and Fact Discovery (Merits)** | |
| **Event** | **Proposed Deadline** |
| Defendants' answers or renewed 12(b) motions to the amended pleadings | October 30, 2026 (30 days after deadline for amended complaints)<br><br>November 30, 2026 for opposition briefs<br><br>December 21, 2026 for reply briefs |
| Exchange of Rule 26(a)(1) disclosures | 30 days after decision on renewed 12(b) motions (or 30 days after answers, if no 12(b) motions are filed) |

[1] Amended pleadings may not be filed without leave of the court except as to jurisdictional pleadings.

| Initial Requests for Production of Documents and Structured Data | 30 days after decision on renewed 12(b) motions (or 30 days after answers, if no 12(b) motions are filed) |
|---|---|
| Substantial Completion of Production of Documents and Structured Data in Response to the Initial RFPs | 9 months after service of Initial Requests for Production of Documents and Structured Data |
| Close of Fact Discovery (including *Fields*, if motions to dismiss are denied) | 9 months after Substantial Completion of Production of Documents and Structured Data |

| **Class Certification** | |
|---|---|
| **Event** | **Proposed Deadline** |
| Class Certification Motions and Class Certification Expert Reports | Plaintiffs' Motions and Expert Reports: 30 days after close of fact discovery<br><br>Defendants' Oppositions and Expert Reports: 90 days to depose plaintiffs' experts, file class certification opposition, and serve expert reports<br><br>Plaintiffs' Replies: 60 days for replies |

| **Expert Discovery (Merits) and Summary Judgment** | |
|---|---|
| **Event** | **Proposed Deadline** |
| Exchange of Merits Expert Reports | Plaintiffs serve opening merits expert reports: 60 days after the Court ruling on Plaintiffs' Class Certification Motions<br><br>Defendants serve responsive expert reports: 90 days after Plaintiffs serve opening reports<br><br>Plaintiffs serve rebuttal expert reports: 60 days after Defendants serve reports |
| Close of Expert Discovery | 8.5 months after the Court ruling on Plaintiffs' Class Certification Motions (7 months for expert reports and 45 days for depositions) |
| Pre-motion Conference | Letter requesting pre-motion conference: 14 days after close of expert discovery |

3

| Dispositive/ Daubert Motions | Motions: 90 days after pre-motion conference |
| | Oppositions: 60 days after the filling of the Motions |
| | Replies: 45 days after the filling of the Oppositions |

4