**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: FRAGRANCE DIRECT PURCHASER ANTITRUST LITIGATION** | **Civ. A. No. 23-2174 (WJM) (JSA)** |
| **IN RE: FRAGRANCE INDIRECT PURCHASER ANTITRUST LITIGATION** | **Civ. A. No. 23-3249 (WJM) (JSA)** |
| **IN RE: FRAGRANCE END-USER PLAINTIFF ANTITRUST LITIGATION** | **Civ. A. No. 23-16127 (WJM) (JSA)** |
| | **SCHEDULING ORDER** |

**THESE MATTERS** having come before the Court for an in-person Case Management and Scheduling Conference on April 7, 2026; and the parties having submitted competing proposed amended scheduling orders in advance of the Conference (*see* ECF No. 278 at Exs. A-B); and the Court having considered the parties' proposed schedules, including their respective positions regarding phasing and/or bifurcation of discovery, as further articulated during the April 7th Conference; and the Court having broad discretion in scheduling discovery and managing the docket, *see* Fed. R. Civ. P. 16; *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982); and for the reasons set forth on the record, which are incorporated herein at length; and for good cause shown;

**IT IS** on this 8th day of April 2026,

**ORDERED THAT**:

1. Defendants' request to bifurcate jurisdictional discovery from class and merits fact discovery is **DENIED**. Likewise, Defendant Symrise AG's request to stay fact discovery pending a decision on its anticipated, renewed motion to dismiss pursuant

1

to Federal Rule of Civil Procedure 12(b)(2), is **DENIED**.

2.  The parties shall serve their Federal Rule of Civil Procedure 26(a) initial disclosures on or before **April 14, 2026**.

3.  Disclosure of Third-Party Litigation Funding, if applicable, pursuant to Local Civil Rule 7.1.1, by **April 21, 2026**.

4.  All fact discovery shall be complete by **March 25, 2027**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

5.   The parties shall serve any requests for the production of documents on or before **April 14, 2026**, to be responded to **within sixty (60) days of receipt**.

6.  Counsel are directed to immediately meet-and-confer regarding the service of interrogatories and shall serve interrogatories limited to **twenty-five (25)** single questions, including subparts, on or before **April 30, 2026**, to be responded to within **sixty (60) days** of receipt.

7.  On or before **April 14, 2026**, Plaintiffs in the Indirect Purchaser Action (23-3249) shall file their amended complaint adding Plaintiffs.

8.  Other than the amended complaint referenced in paragraph seven (7) above, any motions for leave to amend the pleadings and/or add or join parties shall be filed on or before **January 15, 2027**.  Any such motion must include, as an exhibit in support of the motion, a black-lined or red-lined version of the proposed amended pleading that shows any changes. The Court may administratively terminate any motion that does not include such an exhibit.

9.  Defendants shall file any renewed motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(2), on or before **April 25, 2027**.  Any oppositions shall be filed on or before **June 9, 2027**.  Any replies shall be filed by **July 9, 2027**.

10. Plaintiffs shall serve opening class expert reports on or before **May 10, 2027**. Defendants' responsive class expert reports shall be served on or before **June 24, 2027**.  Plaintiffs' request to serve reply class expert reports is **DENIED WITHOUT PREJUDICE**.

11. Excluding Fed. R. Civ. P. 30(b)(6) and expert witness depositions, the parties shall meet-and-confer on the agreed upon number of depositions.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless a privilege is implicated.  *See* Fed. R. Civ. P. 30(c)(2).

12. Deadlines for depositions of class certification experts, merits expert discovery, Plaintiffs' motions for class certification, and, if appropriate, *Daubert* motions and summary judgment motions, are **TBD**.

13. Counsel shall confer in a good faith attempt to informally resolve all discovery disputes before seeking the Court's intervention. *See* L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the parties shall submit a letter, not to exceed four (4) double-spaced pages, that sets forth the specific nature of the dispute and what good faith attempts were made to informally resolve any such dispute. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute. However, no formal discovery motion shall be made without prior leave of Court. Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute. No motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth above and without prior leave of Court.

14. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court **not later than thirty (30) days before the fact discovery deadline**. **The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date**. If an unresolved dispute arises at a deposition, then the parties must contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

15. There shall be an **in-person** Case Management Conference before the Undersigned on **June 29, 2026, at 11:00 a.m.** in Courtroom 2B. The parties shall submit a joint letter setting forth the status of discovery on or before **June 22, 2026**.

16. The Court may from time-to-time schedule conferences as may be required, either *sua sponte* or at the request of a party.

17. Counsel should be prepared to discuss settlement at every conference with the Court. At least one attorney of record for each party must attend all settlement conferences and client(s) with full settlement authority must attend. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

18. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

19.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

20.    A final pretrial conference shall be conducted pursuant to Federal Rule of Civil Procedure 16(e) on **TBD**.

21.    All counsel are directed to assemble at the office of Plaintiffs' counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court, and, if a trial date has been scheduled, the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel. Plaintiffs' counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

22.    With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs, and any hypothetical questions to be put to an expert witness on direct examination.

23.    The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

24.    Failure to appear at a Scheduling Conference, failure to prepare substantially or participate in a Conference, or failure to obey this Order or any Scheduling or other Pretrial Order may result in the issuance of appropriate sanctions pursuant to Federal Rules of Civil Procedure 16(f).

**s/Jessica S. Allen**
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. William J. Martini, U.S.D.J.

4