

**Michael E. Hamburger**
Partner
+1 973.596.4437 (t)
+1 973.639.6369 (f)
mhamburger@fbtgibbons.com

July 9, 2026

VIA ECF
Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> **Re:** **In re: Fragrance Direct Purchaser Antitrust Litigation,**
> **No. 23-cv-02174 (WJM) (JSA)**
> **In re: Fragrance Indirect Purchaser Antitrust Litigation,**
> **No. 23-cv-03249 (WJM) (JSA)**
> **In re: Fragrance End-User Plaintiff Antitrust Litigation,**
> **No. 23-cv-16127 (WJM) (JSA)**

Dear Judge Allen:

Direct Purchaser ("DPPs"), Producer Indirect Purchaser ("IPPs"), and End-User Plaintiffs ("EUPs") (collectively, "Plaintiffs") and Defendants[1] in the above-referenced matters write jointly regarding the status of discovery pursuant to Your Honor's April 8, 2026 Scheduling Order (ECF No. 279) and Your Honor's May 26, 2026 Order (ECF No. 288).[2] The Parties' respective updates are set forth below.[3]

---

[1] As used herein, "Defendants" refers to defendants DSM-Firmenich AG, Firmenich International SA, Firmenich SA, Firmenich Inc., Agilex Flavors & Fragrances, Inc., Givaudan SA, Givaudan Fragrances Corp., Ungerer & Company, Custom Essence LLC, Symrise AG, Symrise Inc., and Symrise US LLC.

[2] All citations are to the DPP action, Case No. 23-02174. Parallel citations to the other actions are omitted.

[3] Although this Court's rules ordinarily limit such letters to three double-spaced pages, Plaintiffs respectfully request additional pages due to the complexity of this litigation, the number

July 9, 2026
Page 2

**Plaintiffs' Update:**  The Court rejected the longer fact discovery schedules proposed by the Parties and instead set an accelerated, nine-month schedule with clear expectations that the Parties would move forward quickly. Unfortunately, Defendants are not heeding the Court's instructions.

On April 14, Plaintiffs collaborated to serve 56 identical requests for production ("RFPs" or "requests") on each of the Defendants. (Plaintiffs also served a total of 17 unique requests across the three tracks). The Court's schedule provides the Parties 60 days to serve responses to any RFPs—30 days more than the Federal Rules provide. ECF No. 279; Fed. R. Civ. P. 34(b)(2)(A). During the last status conference, the Court instructed the Parties to commence producing documents by the 60-day deadline (June 15). *See* 4/7/26 Hr'g Tr. at 51:12-14 ("They have to respond -- they have to give both responses and responsive documents within the 60 days."); *id*. at 53:8-9 ("there is no reason not to begin on a rolling production" prior to the response deadline). While Defendants served extensive objections to Plaintiffs' requests on June 15, they did not produce a single merits document by that deadline.

On July 2, 2026 at 7 PM Eastern, Givaudan began its production of the documents it previously produced to the U.S. Department of Justice ("DOJ") as part of the DOJ's investigation into anticompetitive practices in the fragrances industry. However, Givaudan has informed Plaintiffs that it intends to withhold approximately half of that production based on purported

---

of Parties, and the Court's concerns that the Parties had not provided sufficient details in their prior joint status letters. 4/7/26 Hr'g Tr. at 33-34.  Defendants disagree with Plaintiffs' request as there are no discovery disputes ripe for the court's consideration.  Even if there were, an expanded status update is not the appropriate manner to raise them with the Court.

July 9, 2026
Page 3

restrictions under Swiss and French blocking statutes. It has refused to explain the basis for its reliance on these foreign laws, stating it was "still in the process of exploring this issue with [its] European counsel and have not reached a conclusion that the statutes prohibit us from producing documents." Plaintiffs and Givaudan commenced meet and confers on June 26.

Firmenich has yet to produce any documents in response to Plaintiffs' requests.[4] Moreover, Firmenich has objected to the substantial majority of Plaintiffs' requests,[5] took nineteen days to respond to Plaintiffs' request for a meet and confer, and to date has not met and conferred with Plaintiffs on these requests.[6]

On June 19, Symrise produced documents that it previously produced to DOJ. Symrise has objected to producing documents in response to a number of Plaintiffs' requests on various grounds, including that the production of some documents is barred by the French blocking statute. Plaintiffs and Symrise commenced meet and confers on June 26, but to date, Symrise has only agreed to produce additional merits documents in response to a *single* request. Plaintiffs' position is that such delay is contrary to the letter and the spirit of the Court's scheduling order. Nonetheless, the Parties have discussed, in broad terms, the use of search terms and custodians for

---

[4] On June 25, Firmenich's counsel indicated it "intend[ed] to make a forthcoming document production" via a physical hard drive and almost two weeks later, on July 7, indicated the hard drives would be shipped "tomorrow". Plaintiffs have not yet received any hard drives.

[5] For instance, in response to EUP's requests, Firmenich agreed to produce documents in response to just six of the 63 requests, declining to produce documents to more than 90% of Plaintiffs' Requests.

[6] On July 2, 2026, DPPs filed a Motion for Preliminary Approval of their settlement with Firmenich (DPP ECF 295) and so do not join in this paragraph.

July 9, 2026
Page 4

particular Requests. The Parties fundamentally disagree as to other Requests but are exploring ways of reaching compromise to resolve any disagreements.

Further evidencing their noncompliance with their discovery obligations, Givaudan identified only four employees in its initial disclosures, Firmenich identified only three former (and zero current) employees, and Symrise identified only five employees. The Parties have also exchanged interrogatory responses. Unfortunately, Defendants' interrogatory responses, as with their initial disclosures and responses to document requests, are woefully inadequate, unnecessarily delaying resolution of the case.

In contrast to Defendants' foot-dragging, each of the three Plaintiff tracks has already made substantial, timely document productions: the DPPs on June 12, and both the IPPs and EUPs on June 15. Plaintiffs have also provided substantive responses to interrogatories served on them on April 30. Thus, Plaintiffs have done precisely what the Court directed—moved discovery forward in a prompt manner.

**Defendants' Update:**  Defendants have diligently engaged in discovery since the April 7, 2026 Case Management Conference.  Defendants served their Initial Disclosures and first sets of Requests for Production, agreed with Plaintiffs on the number of Interrogatories to be served by the Parties,[7] served their first sets of Interrogatories on each Plaintiff group, served responses

---

[7] The Parties agreed that Defendants would collectively serve up to 25 interrogatories on each Plaintiff group; each Defendant group would serve up to three unique interrogatories on each Plaintiff group; Plaintiffs would collectively serve up to 20 interrogatories on each Defendant group; and each Plaintiff group would serve up to five unique interrogatories on each Defendant group.

July 9, 2026
Page 5

and objections ("R&Os") to Plaintiffs' Requests for Production and Interrogatories, and have

begun conferring with Plaintiffs regarding the deficiencies in Plaintiffs' discovery responses,

including their refusals to produce relevant documents and their failures to respond substantively

to Interrogatories.  Plaintiff groups' productions to date have not been "substantial" (with

volumes of just 156–504 documents) and their Interrogatory responses are not "substantive," as

nearly all of them indicate that Plaintiffs refuse to respond or will respond at an unspecified later

date.

Defendants have produced over 450,000 documents that were produced as part of the now-

closed DOJ investigation and cover a wide range of issues relevant to this litigation.  These

productions should assist Plaintiffs in "be[ing] more focused in [their] requests."  4/7/2026 Tr. at

32:14–21.  Defendants have also conferred several times with Plaintiffs, but certain threshold

issues are yet to be resolved.  First, Plaintiffs' requests are extremely broad, effectively seeking all

documents and information relating to Defendants' fragrance businesses over more than ten years

(far exceeding the proposed Class Period).  Second, Plaintiffs have not identified which of

thousands of fragrance products they contend are subject to their claims, instead expecting

*Defendants* to distill the list of relevant products, and focus Plaintiffs' case for them, based on

Plaintiffs' small productions of, e.g., photos of torn soap wrappers and packages with obscured

product names.  Third, Plaintiffs' expansive requests explore whether *any* kind of anticompetitive

conduct ever occurred, not just the alleged conspiracy.  This fishing expedition is entirely

inappropriate and contrary to the intentions that Plaintiffs communicated to the Court during the

July 9, 2026
Page 6

April 7, 2026 Case Management Conference.  Tr. at 32:14–21.  To engage meaningfully on next steps, Defendants have requested clarity on the scope of discovery Plaintiffs are seeking.

Plaintiffs baselessly accuse Defendants of abdicating their obligations.[8]  But as the Court recognized at the April 7 Conference, the document production process would be subject to "a realistic conversation . . . about how long" it would take Defendants to respond to RFPs.  *See* Tr. 51:17-24; 52:20-25; 53:1-22.  Defendants have made large initial productions and are negotiating in good faith on the scope of further discovery and ensuring compliance with foreign blocking statutes that carry potential criminal penalties.  This is hardly unreasonable.  Finally, Defendants' initial disclosures comply with Rule 26 and cannot be further supplemented until Plaintiffs, at minimum, identify the products at issue.[9]

*        *        *

We thank Your Honor for the Court's continued attention to this matter.

---

[8] The IPPs' and EUPs' complaints about Firmenich are misdirected.  On July 7, 2026, Firmenich informed the IPPs and EUPs that it would be shipping a hard drive containing a production with nearly 179,000 documents to Plaintiffs on July 8, 2026 (which Firmenich did), and Firmenich has a meet-and-confer scheduled with Plaintiffs for July 14, 2026.

[9] On July 8, 2026, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) in all actions.

July 9, 2026
Page 7

Respectfully submitted,

*s/ Michael E. Hamburger*

Michael E. Hamburger
Partner

CC: All Counsel of Record